TOWN OF FREDERICKSBURG v. WILCOXEN.

[No. 19,738.    Filed April 10, 1902.]

APPEAL AND ERROR.—*Record.*—*Dismissal of Action.*—*Bill of Exceptions.*
—To make an order of court dismissing a cause, the motion, and exceptions thereto a part of the record on appeal by order of court, without a bill of exceptions, the order of court, motion, and exceptions thereto must be copied in full in the order which directs the same to be made a part of the record.

From Washington Circuit Court; *T. B. Buskirk*, Judge.

Action by the town of Fredericksburg against Charles Wilcoxen to recover a penalty for the violation of a town ordinance. From a judgment dismissing the action, plaintiff appeals. *Affirmed.*

*Mitchell & Mitchell, W. L. Taylor,* Attorney-General, *E. D. Salsbury, Merrill Moores* and *C. C. Hadley,* for appellant.

*J. C. Lawler, F. M. Hostetter, H. Morris* and *M. B. Hottel,* for appellee.

MONKS, J.—This action was brought by appellant against appellee to recover a penalty for the violation of a town ordinance. On motion of appellee, the court below dismissed the action. This ruling is assigned for error.

Appellee insists that no question is presented by the record, for the reason that the motion to dismiss and the grounds of the dismissal, are not shown by a bill of exceptions. It is settled law that, when a motion to dismiss an

appeal to a trial court, or to dismiss an action, is sustained, the same is not in the record unless brought into it by a bill of exceptions or order of court. Elliott, App. Proc., §814, and cases cited in note 2; Ewbank's Manual, §§26, 36; *Ross* v. *Misner,* 3 Blackf. 362; *Inhabitants, etc.,* v. *Clark,* 1 Ind. 139, 140; *Conoway* v. *Weaver,* 1 Ind. 263, 264; *Orr* v. *Worden,* 10 Ind. 553; *Dawson* v. *Wilson,* 79 Ind. 485, 487, 488; *Yost* v. *Conroy,* 92 Ind. 464, 473, and cases cited.

Counsel for appellant insist that the motion to dismiss and the grounds of dismissal were made a part of the record by order of court. Said order was as follows: "The court, being sufficiently advised, sustains defendant's motion to dismiss said cause and proceedings herein, to which ruling of the court plaintiff excepts. The motion to dismiss, the court's ruling thereon, and plaintiff's exception thereto are hereby ordered made a part of the record of this cause without a bill of exceptions."

It was held by this court in *Close* v. *Pittsburgh, etc., R. Co.,* 150 Ind. 560, that a general order that a paper or document or ruling of the court, designating the same by name, be made a part of the record, without a bill of exceptions, is not effective and does not make such paper, document, or ruling a part of the record, but that such paper, document, or ruling must be copied at full length in the order of court which directs it to be made a part of the record; that it can not even be made a part of such order and record by the words "here insert." *Russ* v. *Russ,* 142 Ind. 471, 474; *Allen* v. *Hollingshead,* 155 Ind. 178, 181; *Pennsylvania Co.* v. *Ebaugh,* 152 Ind. 531, 533; Ewbank's Manual, §§27, 36. As this was not done, there is nothing in the record to support the assignment of error calling in question the action of the court in sustaining appellee's motion and dismissing said "cause and proceeding."

Finding no available error in the record, the judgment is affirmed.