## PETRIE ET AL. *v.* LUDWIG.

[No. 6,128.    Filed February 25, 1908.]

1. APPEAL.—*Assignments of Errors.—Initial Attack on Separate Paragraphs of Complaint.*—An assignment of errors alleging that the paragraphs of a complaint severally fail to state facts sufficient to constitute a cause of action, presents no question on appeal, though such paragraphs were severally demurred to below and an exception saved.  p. 312.

2. SAME.—*Assignments of Errors.—Complaint.—Paragraphs.—Initial Attack on.*—Though each paragraph of a complaint is fatally defective, a reversal for that reason cannot be ordered where the initial attack, on appeal, is made only upon the separate paragraphs, no question being raised as to the entire complaint.  p. 312.

3. SAME.—*Instructions.—Whether in Record.*—Under §544a Burns 1905, Acts 1903, p. 338, §1, providing, among other things, that the judge, before instructing the jury, shall indicate by a signed

memorandum, at the close of the instructions requested, which thereof would be given and which refused, instructions given on November 13 and subscribed by the judge on November 28 do not comply therewith, and are not a part of the record. p. 313.

4. APPEAL.—*Instructions.*—*Whether in Record.*—Where a party presents a number of instructions, and the judge subscribes a memorandum at the close thereof, stating which thereof were given, and which refused, such instructions are not a part of the record under §560 Burns 1908, §535 R. S. 1881, requiring the judge to subscribe and date a memorandum at the margin or bottom of each instruction showing whether it was given and excepted to, or refused and excepted to. p. 315.

5. VENDOR AND PURCHASER.—*Misrepresentations as to Amount of Land Conveyed.*—Where the vendor misrepresented, to the purchaser, the boundaries of his land, and falsely represented that the tract sold contained 35.70 acres, whereas it really contained but 29 acres, a verdict for the proportionate value of the shortage will not be disturbed. p. 315.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by John Ludwig against Margaret Petrie and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Fred H. Bowers* and *Milo Feightner,* for appellants.
*Lesh & Lesh* and *C. W. Watkins,* for appellee.

HADLEY, P. J.—This is the second appeal in this cause (*Ludwig* v. *Petrie* [1904], 32 Ind. App. 550), and is an action brought by appellee against appellants. The complaint is in two paragraphs. The first is predicated on a warranty deed made by appellants to appellee, whereby it is contended that appellants warranted the tract conveyed to contain thirty-five and seventy-hundredths acres, when in truth it contained only twenty-nine acres, and that appellee had been evicted from six acres of the tract he supposed he was getting under the deed. The second paragraph is based upon fraudulent representations on the part of the appellants in pointing out to appellee the boundary lines of his land, when in fact the lines pointed out were not the boundaries, and by reason thereof he had been evicted from six acres of the

land he supposed he was receiving under the deed, to his damage.

A demurrer was filed to each paragraph of the complaint, which was overruled. Answer in general denial, trial and verdict for appellee, assessing his damage at $400.

1. Motion for new trial overruled. The assignment of errors contains the following specifications: (1) The first paragraph of the complaint does not contain facts sufficient to constitute a cause of action. (2) The second paragraph of the complaint does not contain facts sufficient to constitute a cause of action. (3) and (4) A separate assignment of each of appellants to the same effect as the first and second. (5) The court erred in overruling appellant's motion for a new trial. The sufficiency of each paragraph of the complaint is sought to be called in question separately by the assignment of errors. It does not question the rulings of the court on the demurrers, but assigns the errors as arising the first time in this court, and attacks each paragraph of the complaint separately. Under the decision of this court and the Supreme Court such assignments present no question for consideration. *Chicago, etc., R. Co.* v. *Bailey* (1898), 19 Ind. App. 163; *Trammel* v. *Chipman* (1881), 74 Ind. 474; *Louisville, etc., R. Co.* v. *Norman* (1897), 17 Ind. App. 355; *Farmers, etc., Ins. Co.* v. *Yetter* (1902), 30 Ind. App. 187; *Board, etc.,* v. *Tichenor* (1891), 129 Ind. 562.

In the case of *Trammel* v. *Chipman, supra,* the court say: "Though error be assigned separately upon each of several paragraphs of a complaint, it cannot be determined

2. upon any single assignment, that the judgment ought to be reversed; and, though an examination, if made, might lead to the conclusion that each paragraph of the pleading was fatally defective, the judgment must still be affirmed, because there is no single assignment which presents the whole question. A number of defective assignments cannot be combined to constitute a good one, any more

than several insufficient paragraphs of a complaint can be deemed to make a good complaint.    The assignment of errors is, in effect, the appellant's complaint in this court, and, like the paragraphs of a complaint, each separate specification must in itself state a sufficient cause for reversing the judgment.''

Appellants also · seek to question certain instructions given and certain ones refused.    Appellee earnestly insists that the instructions are not in the record.    It is apparent that these instructions were sought to be brought into the record under section one of the act of 1903 (Acts 1903, p. 338, §544a Burns 1905).    Under this section it is provided that the court shall indicate, before instructing the jury, by a memorandum in writing, at the close of the instructions so requested, which were to be given and refused, and such memorandum shall be signed by the judge.    It is then provided that such instructions shall be filed with the clerk of the court at the close of the instructions to the jury, and that exceptions to the giving or refusing of instructions may be taken at any time during the term, either orally, and entered upon the record or minutes of the court, or in writing at the close of the instructions given or refused.    In the latter case, the party excepting shall, at the close of such instructions, enter a memorandum which shall be dated and signed, stating such exceptions.    The instructions and exceptions when thus prepared and filed become a part of the record without a bill of exceptions.    The record in this case shows that the jury was instructed by the court on November 13, 1905, and it appears that the court gave certain instructions on its own motion.    Appellants and appellee tendered certain instructions, some of which were given and some refused.    At the close of each set of instructions there is a memorandum showing which instructions therein were given and which refused, and showing that appellants separately excepted. This memorandum was signed by the attorneys and also by

A. H. Plummer, judge, and dated November 28, 1905.   It thus appears affirmatively from the record that the court did not indicate, before instructing the jury, by a memorandum in writing, the instructions given and those refused, and sign the same; but that this was done fifteen days after the jury had been instructed.   This does not meet the plain requirements of the statute.   As was said in *Malott* v. *Hawkins* (1902), 159 Ind. 127, 138—quoting from *Roose* v. *Roose* (1896), 145 Ind. 162—where it had been attempted to bring in instructions under §544 Burns 1901, §535 R. S. 1881:   " 'The instructions given by the court are all open to the same objection.   The only statement to show that exceptions were taken to the latter is the following at the close thereof:   "To the giving of each of the above instructions, severally, plaintiff, at the time, duly excepted."   This was not. in compliance with the requirements of the section of the code to which we have referred, so as to be available to the complaining party.   The exception must be noted, either on the margin or at the close of each instruction, which written notation must be dated and signed by the trial judge. This the statute requires in plain, imperative terms not open to construction.'   The statute has provided a most simple method of reserving exceptions to instructions given or refused, but the requirement of the statute that the marginal notation of the judge shall be dated is not open to construction.   We have no disposition to be unduly technical, but we believe that this statute should be preserved in its simplicity, and that when once we recognize that there is some equivalent method of reserving exceptions under this section of the code, we will find a multitude of border-line questions springing up that will unsettle a matter of practice that is now so plain that the practitioner need not err therein."   See, also, *Behymer* v. *State* (1884), 95 Ind. 140; *Roose* v. *Roose, supra; Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245.

In the case last cited the Supreme Court held, in con-

struing the statute now before us, that the omission of the date on the memorandum showing the exceptions taken was a fatal omission, saying: ''Appellant by its attorneys entered and signed a memorandum in writing, as required by said section, at the close of the instructions given, but failed to date the same, as required in said section.    The date is quite as material as the signature of a party or his counsel. This was not sufficient compliance with said act to make said exceptions available.''   There are reasons why the plain words of the statute should be complied with.    The legislature in endeavoring to simplify appellate procedure evidently did not intend to take away from such procedure any of the safeguards that would insure verity in the report of what was actually done at the trial.    It therefore determined that the judge should make his certificate as to which instructions were given and which refused at a time when there could be no mistake as to his actual knowledge of what was done.    If the determination of this question should be left to the ''slippery memory'' for some time after the termination of the trial, the certificate would not necessarily import that verity that the legislature intended it should.

None of the exceptions was entered on the margin and dated and signed by the judge, and therefore did not comply with the requirements of §560 Burns 1908, §535 R. S. 1881, as shown by authorities before cited.

For the foregoing reasons we are compelled to hold that the instructions are not in the record.

This leaves for our determination the question whether the verdict is contrary to law or not sustained by sufficient evidence.   We have carefully read the whole record, and are fully convinced that it supports the verdict.   It shows that appellee paid appellants $3,400 for the tract of land which the deed represents, if it does not warrant, contained thirty-seven and seventy-hundredths acres.    There was direct testimony to that effect, and facts and circumstances shown clearly indicating that both of ap-

pellants represented the tract to contain about thirty-six acres. There was direct testimony that appellants pointed out fences as line fences which were not such. The deception thus practiced was readily believable, since appellants were occupying and farming the whole of the tract within the indicated lines. It is clear from the record that the acreage thus indicated was reduced nearly one-fifth by a subsequent survey. This surely is sufficient discrepancy ''to shock the conscience of a court of justice.'' The amount of the recovery was reasonable and equitable, and it appears that substantial justice was had by both parties.

Judgment affirmed.