## Supreme Tent, Knights of the Maccabees of the World *v.* Ethridge.

[No. 6,386. Filed April 6, 1909.]

1. Pleading.— *Complaint.— Insurance.— Membership.— Performance of Conditions.—"Complied with."—*A complaint showing that assured received from defendant society a benefit certificate which was made a part of the complaint, that assured was a "life benefit member," and that assured, as well as his beneficiary, had fully "complied with" all of the conditions of said contract of insurance, is sufficient. p. 477.

2. Pleading.— *Insurer.—Insurance.—Rules.—Application of, to Assured.—*An answer alleging that assured was a member of de-

# 476    APPELLATE COURT OF INDIANA,

fendant society, and that the beneficiary failed to make proofs of death, whereby the certificate became null and void, without setting out the rule or by-law so providing, and without alleging that such rule was in force at the execution of the policy, or at the time of assured's death, is bad. p. 478.

3. PLEADING.— Presumptions.—Facts.—Conclusions.—Presumptions are resolved against the pleader; and facts, and not conclusions, must be alleged. p. 479.

4. TRIAL.—Answer.—Sustaining Demurrer to.—Introducing Evidence Thereunder.— Insurance.— Forfeiture.— Where the court sustained a demurrer to an answer showing a rule of defendant society providing for a forfeiture of the policy in suit, and defendant introduced such rule in evidence at the trial, reversible error is not shown. p. 479.

5. INSURANCE. — Disappearance. — Death. — Question for Jury. — Where assured disappeared, and no tidings of him were ever received by his family, and the defendant society advertised for him and refused to receive payments on his policy, for the reason that it was feared that he was dead, the question of his death is for the jury. p. 479.

6. INSURANCE.—Proofs of Death.—By-Laws.—Failure of Local Lodge to Perform Duty.—Where defendant society's rules required the secretary of the local lodge to notify the supreme lodge of a member's death, and to procure for the beneficiary proofs of death, his failure to do so does not prejudice such beneficiary. p. 479.

7. INSURANCE.—Proofs of Death.—When Unnecessary.—Where the beneficiary does not know of assured's death, the law does not require such beneficiary to make proofs of death, giving full particulars, although the policy so provides. p. 480.

8. INSURANCE.— Policies.— Construction.— Forfeiture.—Conditions in an insurance policy to be performed after the death of assured are liberally construed, forfeitures not being favored. p. 480.

9. INSURANCE.—Notice of Death.—Waiver.—Where defendant society had actual notice of assured's death soon after the happening thereof, provisions in the policy as to proofs of notice will not be so rigidly enforced against the beneficiary. p. 480.

10. APPEAL.—Instructions.—When Part of Record.—Where instructions are not contained in a bill of exceptions, nor numbered consecutively, nor signed by the trial judge, they are not a part of the record on appeal. p. 481.

11. APPEAL.— Instructions.— Signing.— Presentation Before Argument.—Instructions requested should be numbered consecutively, signed by the party or attorney, and presented before the beginning of the argument; and these things should be shown affirmatively by the record. p. 481.

From Lake Superior Court; *Charles W. Hanley,* Special Judge.

Action by Jennie E. Ethridge against the Supreme Tent, Knights of the Maccabees of the World. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Joseph G. Ibach* and *Sayre & Hunter,* for appellant.
*F. N. Gavit* and *J. E. Westfall,* for appellee.

MYERS, J.—The appellant's demurrer for want of facts to the appellee's complaint was overruled. In the complaint it was alleged that the appellant was a fraternal benefit society, duly incorporated; that on June 9, 1902, the appellant issued to William O. Ethridge its policy of insurance, therein denominated a benefit certificate, dated June 3, 1902, by the terms of which it promised to pay to the appellee $1,000 upon satisfactory proof of the death of said William O. Ethridge; that appellee, at the time said certificate was so issued, and at all times afterwards, until the death of said William, was his wife; that he died September 10, 1903; that he and the appellee fully complied with all the conditions of said contract or benefit certificate, a copy of which was attached to and made a part of the complaint.

It is urged, by way of objection to the complaint, that it fails to show that the insured was a member of the appellant society at the time of his death, or at any time, and 1. fails to allege compliance with all the requirements and laws of the order. The complaint shows that the appellant issued to William O. Ethridge its policy, made a part of the complaint as an exhibit. By the terms of the policy it was certified that he had been regularly admitted as a member of a certain designated "Tent," and that in accordance with, and under the provisions of the laws of, the Supreme Tent, Knights of the Maccabees of the World he was entitled to all the rights, benefits and privleges of "membership therein." This certainly was a showing that the appellee's husband became a member of the appellant.

Membership in the order was not, by the terms of the certificate, limited to any designated period.  He became, what it appears in other parts of the record was called, "a life benefit member" under the laws of the order.  It was alleged that William O. Ethridge and the appellee "fully complied with all the conditions of said contract or benefit certificate."  The general allegation relating to a compliance with the conditions of the contract was sufficient.  The words "complied with," in the connection in which they were used, served the same purpose as the word "performed," found in the statute.  §376 Burns 1908, §370 R. S. 1881; *Grand Lodge, etc.*, v. *Hall* (1903), 31 Ind. App. 107; *Pacific, etc., Ins. Co.* v. *Turner* (1897), 17 Ind. App. 644; *Voluntary Relief Department, etc.*, v. *Spencer* (1897), 17 Ind. App. 123; *Hanover Fire Ins. Co.* v. *Johnson* (1901), 26 Ind. App. 122. The complaint was sufficient.

It is assigned that the court erred in sustaining appellee's demurrer to the third paragraph of answer.  In the portion of the appellant's brief purporting to show so much 2.  of the record as presents this alleged error, it is said that the third paragraph admits that the assured was a member in good standing at the date of the alleged death, and states that the appellee failed, neglected and refused to make any proof, or give any notice, or make any claim, under the certificate sued on, within one year from the date of said death, "and that under §495 of the appellant order [setting such section out in full], and by reason of such failure, the certificate sued on is null and void."  From this statement the purport of the rule mentioned is not given. We have looked into the record and carefully read the paragraph in question.  It does not show that the section of the laws of the order therein set forth was in force at the time of the issuing of the policy, or at the time of the death of the assured, or show when it was enacted or 3.  in force.  The court was not bound to presume, in favor of the pleader, that the section was applicable

to the appellee. It was incumbent upon the appellant to plead facts and not conclusions of law. However, upon a further examination of the record, we find that the section in question was introduced in evidence by the appellee, and it was not therefore deprived of its consideration on the trial. No error intervened, because of this ruling, for which the judgment should be reversed.

It is also assigned that the court erred in overruling appellant's motion for a new trial. Neither the motion, nor its contents or reasons in support thereof, are set out in appellant's brief, as required by the rules of the Supreme Court and this Court; but as it appears from the heading "points" that the evidence was not sufficient to sustain the verdict, and there has been an attempt to give a recital of the evidence, we shall give attention to this question. From the disjointed recitals and statements concerning the evidence it is indicated that the case was one of the disappearance of the assured from his home. The facts concerning his disappearance, his circumstances, domestic relations, the purpose of his departure, the search and inquiries which followed, the advertisements in a newspaper in Chicago, and in a newspaper published by the appellant as its organ, and the conversations of the appellee with an official of the appellant, who refused further payments from her because he feared he would be receiving dues from a dead man, were sufficient to warrant the court in submitting the question of insured's death to the jury. Furthermore, the appellant sets forth in its brief a section of its laws, which was pleaded in the second paragraph of its answer and appears to have been proved, as follows: "On the death of a life benefit member in good standing, notice thereof shall be sent to the supreme record keeper by the record keeper of the tent to which the member belonged." Another section so pleaded and proved provided for the sending of blank forms for proofs of death to the record

keeper of the tent by the supreme record keeper, upon receiving notice of such death. It may well be inferred from the evidence that the local tent was as well informed of all the material facts concerning the death of the assured as was the appellee, and had such knowledge of the facts on which the jury decided that the assured was dead that it was incumbent upon the appellant's agent in the premises, the local tent, to give the notice to the supreme tent, and to procure from it the blank form of proofs of the death. The failure of the appellant to perform its duty under its by-laws in this respect could not deprive the beneficiary of her right to payment under the certificate. See *Supreme Council, etc.*, v. *Boyle* (1894), 10 Ind. App. 301.

In a case where the notice was to be furnished by the beneficiary, it was said that to hold that the plaintiff was bound to give notice of the death of her husband, with full particulars, before she had any knowledge of the facts, would be to require her, by a technical and literal construction, to do an impossible thing, which was not within the intention of the parties when the contract was made. *Trippe* v. *Provident Fund Soc.* (1893), 140 N. Y. 23, 35 N. E. 316, 22 L. R. A. 432, 37 Am. St. 529.

A condition in a policy of life insurance which is to operate upon the contract of insurance only subsequent to the fact of the death must receive a liberal and reasonable construction in favor of the beneficiary. *Trippe* v. *Provident Fund Soc., supra.* "What constitutes reasonable diligence or reasonable notice must depend upon all the circumstances of each particular case." *Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281. The courts do not favor forfeiture of insurance policies. "If the insurer acquires actual knowledge of the accident soon after its occurrence, it is plain that the real purpose of the notice will be served; * * * and it does not seem that the insurance contract ought to be so technically construed as to compel the insured, or, still

less the beneficiary, to furnish in an unreasonably short time, and under penalty of forfeiture, information which the insurer, by its agent or otherwise, already has." *Peele* v. *Provident Fund Soc.* (1897), 147 Ind. 543, 553.

There is some criticism in appellant's brief upon the giving and refusing to give instructions to the jury. The trial was held in June, 1906. There is no bill of exception containing the instructions. The instructions in the record, which apparently were given on the court's own motion, are not numbered consecutively, and are not signed by the judge. Acts 1903, p. 338, §544a Burns 1905. The instructions asked by the appellant are not numbered consecutively, and the instructions themselves are not signed, and it does not appear that they were presented to the court before the commencement of the argument. §558 Burns 1908, §533 R. S. 1881; §544a, *supra; Duckwall* v. *Williams* (1892), 29 Ind. App. 650; *Cleveland, etc., R. Co.* v. *Ward* (1897), 147 Ind. 256; *White* v. *Sun Publishing Co.* (1905), 164 Ind. 426. It is not indicated by memoranda, signed by the judge, what instructions so requested by the parties were given or what ones were refused. §544a, *supra.* The exceptions entered of record do not indicate any instructions by numbers, and there is no available means of determining from the record which of the instructions asked by the parties were given and which were refused.

Matters which counsel have sought to present in other forms relating to the admission of evidence have been disposed of by what we have already said in disposing of other questions. A motion to dismiss this appeal was filed by the appellee, based upon alleged peculiarities in the record, which are not of sufficient importance for specific mention.

The motion to dismiss is overruled, and the judgment is affirmed.