## FOWLER v. FORT WAYNE AND WABASH VALLEY TRACTION COMPANY.

[No. 6,730. Filed March 8, 1910.]

1. PLEADING.—*Complaint.*—*Theory.*—A complaint should proceed upon a definite theory. p. 443.

2. RAILROADS.—*Interurban.*—*Injuries on Highways.*—*Frightening Horses.*—*Complaint.*—Where a complaint alleges that defendant interurban railroad company negligently ran its car along the highway upon which the plaintiff was traveling in a buggy, that the plaintiff's horse became frightened thereat, to defendant's knowledge, and that the defendant refused to stop its car, thereby causing such horse to throw the plaintiff from her buggy, to her injury, such charge of negligence is the gist of the action, and is the only charge defendant should be expected to meet. p. 443.

3. RAILROADS.—*Interurban.*—*Use of Highways.*—*Nuisance.*—The authorized use of a public highway by an interurban railroad company does not of itself constitute a nuisance. p. 443.

4. APPEAL.—*Instructions.*—*How Made Part of Record.*—Where the word "given," or the word "refused," was written before each of the instructions set out in the transcript, such instructions can not be considered a part of the record, the statute (§561 Burns 1908, Acts 1907, p. 652) requiring a memorandum showing which instructions were given and which refused, signed by the judge, at the close of the instructions. p. 444.

From Cass Circuit Court; *John S. Lairy*, Judge.

Action by Anna Fowler against the Fort Wayne and Wabash Valley Traction Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Haag & Stewart*, for appellant.

*Lairy & Mahoney* and *Barrett & Morris*, for appellee.

MYERS, C. J.—This was an action by appellant against appellee to recover damages for a personal injury. The complaint was answered by a general denial, and, upon a trial by jury, a verdict was returned in favor of the appellee. The appellant's motion for a new trial was overruled, and this ruling alone is assigned as error.

The complaint alleged that the defendant was a corporation organized and doing business under and in pursuance

of the laws of this State, and was the owner of and operating a system of electric railway in and through the county of Miami in said State; that on a day named it was engaged in transporting, for hire, persons in cars which it caused to be propelled along rails and tracks owned and maintained by it on and along a certain common and public highway leading from the east to the city of Peru; that on said day plaintiff and her husband were driving their horse, hitched to an open buggy, eastward from said city, and on and along said highway, when the defendant with one of its city cars, known as car No. 19, passed plaintiff and her husband on said highway; that said defendant proceeded with its car eastward until it reached a certain point, when it stopped, and started on the return trip, meeting plaintiff and her husband traveling on the highway in said buggy; that said horse had always been gentle, quiet, safe and easily managed, even in the presence of and near proximity to streetcars, electric cars and steam railroad cars. It is then alleged that said car was uncommonly long, and so constructed that when being operated it would rock, and swing up and down at the ends, thereby causing the fenders attached to each end of the car to toss upward and downward, which they did as the car approached plaintiff and her husband in said buggy, thereby frightening plaintiff's horse drawing said buggy, so that he reared, backed and plunged forward, throwing plaintiff with great force from the buggy upon the hard gravel roadbed of said highway, on account of which she was severely bruised, etc. (describing her injuries, and stating her damages); that said injuries to plaintiff were caused wholly by the negligence of the defendant in so carelessly and negligently operating and running its said car that it would rock, and swing up and down at the ends; that defendant's motorman and conductor, in charge of said car, knew by the actions of said horse that it was frightened by said car, and they had sufficient time to avoid the accident by stopping the car, but disregarded their duty

NOVEMBER TERM, 1909. 443

Fowler *v.* Fort Wayne, etc., Traction Co.—45 Ind. App. 441.

to stop, and proceeded with the car toward plaintiff, knowing that injury to plaintiff was inevitable.

The evidence relating to the question of negligence on the part of appellee, as well as upon the part of appellant, was of such a character that, under well-settled principles affecting the relative rights and duties of the parties in the use of the highway, it was proper to leave the decision of those matters to the jury. In this connection, appellant lays especial stress upon the fact, shown by the evidence, that the accident occurred upon a public highway outside the limits of a city or town, and it is contended that, inasmuch as it appears that the railway was constructed and operated longitudinally upon the highway, on which appellant was riding in a vehicle drawn by a horse which took fright at appellee's interurban car, the case should be treated as an action for injury caused by a nuisance. Or, in other words, it is insisted by the appellant that this should be treated as a cause of action for an injury arising from an unlawful occupation and use of the public highway longitudinally by appellee. In order to show the fallacy of this argument, we have taken space to show the purport of the complaint; for it is well settled that every action must proceed upon some definite, legal theory, and defendant should be apprised of plaintiff's theory by the direct averments of the complaint. Plainly, the only cause which appellee could be expected to prepare to combat was one for injury negligently inflicted by the employes of appellee in charge of the particular car, at a definite time and in a certain place.

That an electric, suburban or interurban railway company may construct and use a railroad upon a public highway, outside the limits of a city, under permission granted by the board of county commissioners, is as well established, so far as travelers upon the highway are concerned, as that it may construct and use its railway within the corporate limits of a city by. permission of the proper

municipal authorities. *Southeast, etc., R. Co.* v. *Evansville, etc., R. Co.* (1907), 169 Ind. 339, 13 L. R. A. (N. S.) 916; *Chicago, etc., R. Co.* v. *Whiting, etc., St. R. Co.* (1894), 139 Ind. 297, 26 L. R. A. 337, 47 Am. St. 264. Had the injury, for which appellant sought to recover damages, occurred within the corporate limits of the city of Peru, certainly such a complaint would not suggest to appellee a contest as to the validity of its occupancy and use of the city streets. The only reason for such a suggestion in this case seems to have arisen from an unfounded opinion that such use of the rural highway must necessarily be unlawful in all cases. Appellee was not, by this complaint, presented with an issue as to the lawfulness of its occupancy and use of the rural highway.

Appellant seeks to question the alleged action of the court in refusing to give certain instructions asked for by her, and in giving certain instructions requested by appellee.

4. There is no bill of exceptions relating to the instructions to the jury. It does not appear that the court gave to the jury any instructions of its own motion. It does appear that before each of the instructions in the record, whether asked for by appellant or by appellee, is the word "Given," or the word "Refused." The statute of March 12, 1907 (Acts 1907, p. 652, §561 Burns 1908), in force at the time the cause was tried, provides, as did the statute of which it is amendatory (Acts 1903, p. 338, §1), that "the court shall indicate, before instructing the jury, by a memorandum in writing at the close of the instructions so requested, the numbers of those given and of those refused, and such memorandum shall be signed by the judge." It has been decided by this court and by the Supreme Court that by such "method the court itself, without a bill of exceptions, makes the record show which of the instructions requested were given and which were refused," and that without such memorandum signed by the judge we cannot determine whether any or all of the instructions requested were given or refused. *Inland Steel Co.* v. *Smith*

(1907), 168 Ind. 245; *Inland Steel Co.* v. *Smith* (1907), 39 Ind. App. 636; *Baker* v. *Gowland* (1906), 37 Ind. App. 364; *Delaware, etc., Tel. Co.* v. *Fiske* (1907), 40 Ind. App. 348; *Petrie* v. *Ludwig* (1908), 41 Ind. App. 310; *Supreme Tent, etc.,* v. *Ethridge* (1909), 43 Ind. App. 475; *Holcomb* v. *Norman* (1909), 43 Ind. App. 506. Appellant, therefore, has not saved any question relating to the giving or to the refusing to give any of the instructions requested by the parties.

Judgment affirmed.