# WISEMAN *v.* GOULDSBERRY.

### [No. 6,742.  Filed April 22, 1910.]

1. APPEAL.—*Making Instructions Part of Record.—Statutes.*—Under §561 Burns 1908, Acts 1907, p. 652, providing that the court shall indicate by a signed memorandum which of the instructions were given, and which were refused, instructions not so designated cannot be considered a part of the record. p. 678.
2. APPEAL.— *Weighing Evidence.*— The Appellate Court cannot weigh conflicting evidence. pp. 678, 679.
3. WITNESSES.— *Nonexperts.— Insanity.— Weight of Evidence.*— Nonexperts who have observed defendant's actions, may, after stating the facts, give their opinions as to his sanity, the weight of such evidence being for the jury. p. 679.

From Henry Circuit Court; *Ed Jackson,* Judge.

Action by Harley A. Gouldsberry against John W. Wiseman. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Horace G. Yergin, Eugene H. Bundy* and *N. G. Jones,* for appellant.

*William O. Barnard* and *William E. Jeffrey,* for appellee.

WATSON, J.—This action was brought by appellee against appellant. The complaint is in one paragraph, setting out, in substance, that appellant is an inhabitant of Henry county, Indiana; that he is a person of unsound mind and incapable of managing his estate. Wherefore, appellee prayed that a guardian be appointed for appellant. To this complaint an answer was filed in general denial.

Trial was had by jury and a verdict rendered declaring appellant a person of unsound mind and incapable of managing his own estate. Motion for a new trial was made, overruled and exception taken.

The error assigned is that the court erred in overruling appellant's motion for a new trial. The reasons set out in the motion for a new trial and relied upon for reversal are: (1) The verdict is not sustained by sufficient evidence; (2)

the verdict is contrary to law; (3) error of law committed upon the trial by the judge in giving to the jury, on his own motion, instruction six; (4) error of law committed upon the trial by the judge in giving to the jury, on his own motion, instruction four.

Section 561 Burns 1908, Acts 1907, p. 652, provides: "The court shall indicate, before instructing the jury, by a memorandum in writing at the close of the instruc-

1. tions so requested, the numbers of those given and of those refused, and such memorandum shall be signed by the judge. All instructions given by the judge on his own motion shall be in writing when either party has requested that the court instruct the jury in writing in the cause before the commencement of the argument thereof and when given in writing shall be numbered consecutively and signed by the judge."

It is urged that the trial court did not comply with this act, and upon examination of the record we find that the trial judge did not indicate which instructions were given and which were refused nor were any of the instructions, either those tendered by plaintiff or those given by the judge upon his own motion, signed by the judge. Before the instructions in a cause can be made a part of the record and exceptions saved under the foregoing section, there must be a substantial compliance with all the provisions thereof. *Baker* v. *Gowland* (1906), 37 Ind. App. 364; *Mace* v. *Clark* (1908), 42 Ind. App. 506.

Appellee insists that, under the provisions of the foregoing section, the instructions are not in the record. In this contention he is sustained.

Appellant insists that the verdict is contrary to law and contrary to the evidence, for it is wholly wanting in evidence to sustain the allegations. The evidence discloses that

2. appellant was between seventy-seven and eighty years old at the time of the trial; that he was blind; that he had not been able to be away from his place in six years,

except to his wife's funeral, which occurred about two years prior to the trial of this cause. A number of his neighbors testified that he was a person of unsound mind, and incapable of managing his own estate. These witnesses testified to conversations with appellant, and from these conversations, acquaintance and opportunity to observe his conduct, they gave as their opinion that he was a person of unsound mind. On the contrary, other neighbors, of like opportunity, testified that he was a person of sound mind.

A nonexpert witness may give his opinion as to the mental condition of a person, in connection with a statement of facts upon which it is based, provided such facts show him 3. to be acquainted with the person, and to have observed him. From these statements of facts the jury shall determine what weight, if any, shall be given to the testimony of the witness. *Sage* v. *State* (1883), 91 Ind. 141; *Johnson* v. *Culver* (1888), 116 Ind. 278; *Stumph* v. *Miller* (1895), 142 Ind. 442; *Armstrong* v. *State* (1892), 30 Fla. 170, 11 South. 618, 17 L. R. A. 484.

Under the instructions of the court, this cause was submitted upon the evidence to a jury which found for plaintiff and adjudged defendant to be a person of unsound 2. mind and incapable of managing his own estate. The evidence is contradictory, and, looking to the record, it seems to be unsatisfactory upon the issues joined; but the jury, having returned a verdict upon the evidence, we are not at liberty to disturb it, for to do so we would be required to weigh the evidence, and this we are forbidden to do. The weight of the testimony is for the jury. This is so well settled and so well understood that it is unnecessary to cite authorities. There is evidence from which the jury might reasonably have reached the conclusion it did.

Judgment affirmed.