THIEME & WAGNER BREWING COMPANY *v.* KESSLER.

[No. 7,026.    Filed March 15, 1911.]

1. APPEAL.—*Assignments of Errors.—New Trial.—Causes for.*— Rulings which are properly grounds for a new trial cannot be assigned independently on appeal.  p. 285.

2. APPEAL.—*Briefs.—Omissions.*—Errors relied upon for a reversal consisting of rulings on instructions, are waived by a failure of appellant to set out in its brief the motion for a new trial containing such alleged erroneous rulings.  p. 285.

3. APPEAL.—*Presentation of Questions. — Instructions. — Making Part of Record.*—Where exceptions are noted on the instructions questioned, and are signed by the judge, but the record fails to show that such instructions were filed, they are not a part of the record and cannot be considered.  p. 285.

From Superior Court of Tippecanoe County; *Truman F. Palmer,* Special Judge.

Suit by Thieme & Wagner Brewing Company against William Kessler. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Wilson & Quinn* and *John F. McHugh,* for appellant.

*Davidson & Boulds, Charles E. Lake* and *Charles E. Thompson,* for appellee.

Felt, J.—Suit by appellant to quiet title to real estate, and judgment for appellee, from which this appeal is taken.

Appellant in its brief assigns the following errors: (1) Overruling of the motion for a new trial; (2) instructing the jury to return a verdict for appellee; (3) rendering judgment in favor of appellee.

1. Causes for a new trial, even when properly stated, cannot be assigned as separate error, but must be included in such motion, and for that reason the second and third assignments present no question. *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268.

2. Under the general heading of "statement of the record presenting errors and exceptions relied upon for the reversal of judgment," appellant states that the errors relied upon are as follows: (1) Refusal by the court to give instructions 1, 2 and 3 offered by attorney for appellant, and (2) the giving by the court of an instruction to the jury to return a verdict for defendant. But appellant's brief nowhere shows that the giving or the refusing to give instructions was assigned as ground for a new trial, or in any way made a part of the motion for a new trial, and such motion does not appear in the briefs. Such failure to comply with clause five of rule twenty-two of this court precludes any consideration of questions arising upon the motion for a new trial. *Tongret* v. *Carlin* (1905), 165 Ind. 489; *Henderson* v. *Henderson* (1906), 165 Ind. 666; *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490; *Howard* v. *Adkins* (1906), 167 Ind. 184; *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368.

3. Furthermore, it is apparent that appellant relies upon alleged error of the court in refusing certain instructions tendered and in giving an instruction to the jury. If the motion for a new trial had been shown,

as required by the rules, a further difficulty is encountered, as the instructions are not properly in the record.

In the cases of *Ohio, etc., R. Co.* v. *Dunn* (1894), 138 Ind. 18, and *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, our Supreme Court has set out the following ways in which instructions may, under our procedure, become a part of the record: (1) By order of the court; (2) by special exceptions written upon the margin or following each instruction and signed by the judge; (3) by a general bill of exceptions.

In the case of *Ohio, etc., R. Co.* v. *Dunn, supra,* the court said: ''In the first and second methods the instructions receive identification from the filing required by our code.''

In the case before us the exceptions to the instructions are noted thereon and signed by the judge, but there is no indication from the record that the instructions were at any time filed as required by the statute, and for this reason the instructions are not properly authenticated and cannot be considered.   §§558, subd. 6, 560, 561 Burns 1908, §§533, 535 R. S. 1881, Acts 1907 p. 652; *Holmire* v. *O'Brien* (1909), 44 Ind. App. 694; *Elrod* v. *Purlee* (1905), 165 Ind. 239; *Thompson* v. *Thompson* (1901), 156 Ind. 276; *Petrie* v. *Ludwig* (1908), 41 Ind. App. 310; *Holcomb* v. *Norman* (1909), 43 Ind. App. 506.

Under the established rules and numerous decisions of this court and our Supreme Court, no question is presented for our consideration.   Judgment affirmed.