## Newsom *v.* Chicago and Eastern Illinois Railroad Company.

### [No. 7,838.   Filed March 5, 1913.]

1. APPEAL. — *Record.* — *Evidence.* — *Questions Not Considered.* — Where the evidence is not in the record on appeal, the objection that the verdict is contrary to law, and to the evidence, cannot be considered.  p. 578.

2. APPEAL.—*Record.*—*Bill of Exceptions.*—*Instructions.*—No question is presented on appeal as to the instructions, where such instructions are not brought into the record by a bill of exceptions, as provided by §660 Burns 1908, §629 R. S. 1881, or are not made a part of the record in one of the methods provided in other statutory provisions relating thereto.  (§§558, 559, 560 Burns 1908, §§533, 534, 535 R. S. 1881; §561 Burns 1908, Acts 1907 p. 652; §691 Burns 1908, §650 R. S. 1881.)  p. 578.

3. APPEAL. — *Record.* — *Instructions.* — Instructions that are not authenticated by the signature of the judge are not properly in the record under the provisions of §561 Burns 1908, Acts 1907 p. 652.  p. 580.

4. APPEAL.—*Record.*—*Instructions.*—Where the record fails to disclose an order of court that the instructions be made a part of the record, they are not properly in the record under the provisions of §691 Burns 1908, §650 R. S. 1881.  p. 580.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Action by Ray Q. Newsom against the Chicago and Eastern Illinois Railroad Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John A. Riddle* and *Henry Bordenet*, for appellant.
*Lamb, Beasley, Douthitt & Crawford*, for appellee.

SHEA, J.—This action was brought by appellant against appellee to recover damages for his wrongful expulsion from one of appellee's passenger trains, and alleged unlawful arrest and imprisonment. The complaint was in two paragraphs, to each of which a demurrer was overruled. Answer in general denial. Trial, finding and judgment for appellee. Appellant's motion for a new trial was overruled, and this ruling is the only error assigned.

The reasons for a new trial are: (1) The verdict of the jury is contrary to law. (2) The verdict of the jury is contrary to the evidence. (3) The verdict of the jury is contrary to the law and the evidence. (4) The court erred in giving to the jury "of its own motion" instructions Nos. 10 and 14, and in refusing to give appellant's instructions Nos. 12 and 13. The evidence not being in the record, the first three reasons, if they were technically correct, which is doubtful, cannot be considered by this court.

It is earnestly argued by appellee that no assignment of error is attached to the record in conformity with Rule 4 of this court. While the manner of incorporating what purports to be an assignment of errors in the record is subject to criticism, we do not decide its sufficiency in this case. The other reasons in support of appellant's motion for a new trial go to the alleged error of the court in giving and refusing to give certain instructions.

It is very earnestly insisted by appellee that the instructions are not properly in the record, therefore no question is presented. On this point we direct attention to the record. On pages 19-21 of the record are to

be found twelve instructions signed by attorneys for appellee, with marginal notes on each page as follows: "Instructions tendered by defendant," and on page 23 a marginal note: "Filing of instructions tendered by defendant." At the bottom of page 23 is a request by plaintiff that the court give certain instructions numbered 1 to 14, and that he indicate before the argument in said cause such instructions as will be given, by writing opposite each of them the words, "Given", "given as modified by the court", or "Refused." On pages 24-28, inclusive, are found fourteen instructions, marginal notes on each page, as follows: "Instructions tendered by plaintiff;" No. 1, "Given"; No. 2, "Refused"; No. 3, "Given"; Nos. 4, 5, 6, 7 and 8, "Refused"; No. 9, "Given"; Nos. 10, 11, 12, 13 and 14, "Refused", none of which marginal notes are signed by the judge, nor does the judge's signature appear at the end of the instructions. Beginning on page 28, up to and including page 42, are seventeen instructions, with the following marginal notes on each page: "Instructions given by Court of its own motion." At the close of the instructions the following entry is made: "Dated and signed this 25th day of March, 1910. Charles E. Henderson, Judge. Filed Mar. 25, 1910. Arthur E. DeBaun, Clerk." On April 20, 1910, the motion for a new trial was filed by appellant's attorneys. Afterward, as it appears in the record, but without date, the following entry is made: "And Plaintiff excepts to giving of instructions Numbers 10 and 14 given by the Court of its own motion separately and severally, and for refusing to give instructions numbers 12 & 13 requested by the plaintiff." It will be observed that the instructions are not brought into the record by a bill of exceptions as provided by §660 Burns 1908, §629 R. S. 1881. They are not made a part of the record in accordance with the provisions of §§558, 559, 560 Burns 1908, §§533, 534, 535 R. S. 1881. See *Petrie* v. *Ludwig* (1908), 41 Ind. App. 310, 83 N. E. 770; *Malott* v. *Hawkins* (1902), 159 Ind. 127, 138, 63 N. E. 308;

*Oglebay* v. *Tippecanoe Loan, etc., Co.* (1908), 41 Ind. App. 481, 82 N. E. 494.   They are not properly in the record under the provisions of §561 Burns 1908, Acts 1907 p. 652, because they are not authenticated by the signature of the judge, as required by the provisions of this section.   *Strong* v. *Ross* (1905), 36 Ind. App. 174, 75 N. E. 291; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073, 89 N. E. 485; *Fowler* v. *Fort Wayne, etc., Traction Co.* (1910), 45 Ind. App. 441, 91 N. E. 47; *Wiseman* v. *Gouldsberry* (1910), 45 Ind. App. 677, 91 N. E. 616; *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 86 N. E. 966; *Hotmire* v. *O'Brien* (1909), 44 Ind. App. 694, 90 N. E. 33; *Delaware, etc., Tel. Co.* v. *Fiske* (1907), 40 Ind. App. 348, 81 N. E. 1110; *Supreme Tent, etc.,* v. *Ethridge* (1909), 43 Ind. App. 475, 87 N. E. 1049; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538.   They are not properly in the record under the provisions of §691 Burns 1908, §650 R. S. 1881, because the record fails to disclose an order of court that the instructions be made a part of the record.   *Tell City Canning Co.* v. *Wilbur* (1910), 46 Ind. App. 550, 93 N. E. 174; *Close* v. *Pittsburgh, etc., R. Co.* (1898), 150 Ind. 560, 50 N. E. 560; *Russ* v. *Russ* (1895), 142 Ind. 471, 474, 41 N. E. 941; *Town of Fredericksburg* v. *Wilcoxen* (1902), 158 Ind. 359, 63 N. E. 566; *Board, etc.,* v. *Gibson* (1902), 158 Ind. 471, 63 N. E. 982; *Pennsylvania Co.* v. *Ebaugh* (1899), 152 Ind. 531, 53 N. E. 763.

It is very doubtful if proper exceptions were taken and saved as to the giving of any instructions by the court on its own motion, or the refusal to give those tendered by appellant, but it is unnecessary to decide that question.

It follows that the judgment of the lower court must be affirmed.

NOTE.—Reported in 101 N. E. 26.   See, also, under (1) 3 Cyc. 166; (2) 3 Cyc. 28, 170; (3, 4) 3 Cyc. Anno. 28—New.