## ROACH *v.* CUMBERLAND BANK.

### [No. 8,928. Filed January 26, 1916.]

1.  APPEAL.—*Review.—Record.—Instructions.*—Under §§559, 560 Burns 1914, §§534, 535 R. S. 1881, exceptions to instructions to be effective must be dated preceding the return of the verdict, and under §561 Burns 1914, Acts 1907 p. 652, the exceptions, if taken orally, must be noted on the minutes of the court and appear in the transcript on appeal, while, if taken in writing, the memorandum must be dated and signed by the party or his counsel; hence, where the record disclosed that neither of such methods was followed in taking the exceptions, and no attempt was made to bring the instructions into the record by bill of exceptions, no question was presented on the giving of such instructions. p. 549.

2.  APPEAL.—*Record.—Instructions.—Filing Instructions.*—To make the instructions a part of the record under §561 Burns 1914, Acts 1907 p. 652, the record must not only show an order of filing the instructions, but that they were in fact filed. p. 550.

3.  APPEAL.—*Review.—Admission of Evidence.*—In an action on notes, the admission in evidence of a note executed by one of the defendants and not involved in the litigation was not erroneous, where the record shows that such defendant admitted his signature thereto and that it was offered in evidence as a part of his cross-examination after he had offered a number of instruments signed by him in support of his plea of *non est factum.* p. 550.

4.  APPEAL.—*Questions Reviewable.—Objections to Evidence.*—An objection to evidence on the ground that it is not competent or relevant is too general and indefinite to present any error on the admission of such evidence. p. 551.

5. APPEAL.—*Review.*—*Objections to Evidence.*—Reversible error can not be predicated on the admission of evidence over an objection which may be obviated by further evidence, where counsel offering same agree to supply such further evidence and thereafter fail to do so, unless such failure is followed by the objector's motion to strike out the evidence so admitted. p. 551.

6. APPEAL.—*Questions Presented.*—*Objections to Evidence.*—*Briefs.*— No question is presented on the admission of evidence where appellant's brief does not disclose what, if any, objection was made to its admission. p. 552.

7. APPEAL.—*Review.*—*Verdict.*—In an action on a number of notes, a verdict for plaintiff can not be disturbed as not supported by the evidence or as being contrary to law, where there was evidence to show that appellant executed one of the notes sued on, and the amount of the verdict is consistent with a recovery on such note. p. 552.

From Superior Court of Marion County (90,954); *Charles J. Orbison*, Judge.

Action by the Cumberland Bank against William J. Roach and others. From a judgment for plaintiff the defendant named appeals. *Affirmed.*

*G. Edgar Turner, Charles W. Miller* and *Henry M. Dowling*, for appellant.

*Joseph R. Williams, Chalmer Schlosser* and *Perry E. Bear*, for appellee.

FELT, P. J.—Appellee brought this action against appellant, and Roach-Brown Manufacturing Company and Albert J. Brown, upon nine separate notes alleged to have been given to appellee by the Roach-Brown Manufacturing Company and indorsed by appellant and Albert J. Brown. The case was tried on a complaint of nine paragraphs. Issues were joined by appellant on the first paragraph by *non est factum* and on the second to ninth inclusive, by answer in three paragraphs, one of general denial, one of payment, and a plea of *non est factum*. A trial by jury resulted in a verdict for appellee in the sum of $907.32. Appellant's motion for a new trial was overruled, judgment was rendered on the verdict and this appeal prayed and granted.

The only error assigned is the ruling on appellant's motion for a new trial. Such motion is based on alleged errors, as follows: The giving of instruction No. 5; the admission in evidence of appellee's exhibits Nos. 11 and 12; error in overruling appellant's objection to certain evidence, the details of which are set out; that the verdict is not sustained by sufficient evidence and is contrary to law.

As to the first alleged ground for a new trial appellee insists that no exception was properly saved to the instruction and therefore, that no reversible error is shown, if the instruction be erroneous. The record shows that the jury was instructed on December 8, 1913, and the memorandum at the close of instruction No. 5 shows an exception noted by the trial judge on December 30, 1913. There is no attempt to bring the instructions into the record by a bill of exceptions, and it is not clear what section of the statute appellant relies on to make the instructions a part of the record. If reliance is placed on §§559, 560 Burns 1914, §§534, 535 R. S. 1881, to be effective, the exception noted must be dated and the date must precede the return of the verdict. Ewbank's Manual §§28, 28a; *Vaughn* v. *Ferrall* (1877); 57 Ind. 182, 185; *Malott* v. *Hawkins* (1902), 159 Ind. 127, 128, 63 N. E. 308; *Behymer* v. *State* (1884), 95 Ind. 140, 142; *Retsek* v. *Harbart* (1911), 176 Ind. 441, 444, 445, 96 N. E. 386; *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 571, 86 N. E. 966. If appellant was proceeding under §561 Burns 1914, Acts 1907 p. 652, he might have taken his exception orally or in writing. If taken orally the exception must be noted on the minutes of the court and such entry must appear in the transcript on appeal. If taken by written memorandum it must be dated and signed by the party or his counsel. Neither of these methods of

taking exceptions has been followed in this case. I t is contended that the record shows an order 2. to file the instruction and that by reason thereof the instructions are a part of the record under §561, *supra*. It has been held that an order to file is not sufficient and that to become a part of the record under said section it must appear from the record that the instructions were in fact filed. *Suloj v. Retlaw Mines Co.* (1914), 57 Ind. App. 302, 107 N. E. 18; *Retsek v. Harbart, supra; Indianapolis, etc., R. Co. v. Ragan, supra; Newsom v. Chicago, etc., R. Co.* (1913), 52 Ind. App. 577, 579, 101 N. E. 26; *Thieme & Wagner Brew. Co. v. Kessler* (1911), 47 Ind. App. 284, 94 N. E. 338. It follows that the instructions are not properly in the record and that no question relating thereto is duly presented.

The second ground of appellant's motion for a new trial is expressly waived.

The third ground is predicated on the alleged error in overruling the objection of appellant to the introduction in evidence of appellee's exhibit No. 11, which is a note dated September 13, 1909, payable to Thomas E. Day for lumber. Appellant objected on the ground that it was an attempt to impeach appellant on a collateral matter; that the instrument offered has nothing whatever to do with the issues in the case at bar and was executed long prior to any period of time embraced in any matter set out in the complaint; that a witness cannot be impeached upon a collateral matter. Appellant admitted that he had signed the note and it was offered in evidence as a part of his cross-examination. Appellant had offered in evidence a number of instruments signed by him for comparison of his signatures in support of his plea of *non est factum*. The signature being admitted neither of the objections stated is ten-

able. §528 Burns 1914, §504 R. S. 1881. See, also, *Ashwell* v. *Miller* (1913), 54 Ind. App. 381, 389, 103 N. E. 37. For the same reason there was no error in admitting in evidence exhibit No. 12.

It is next insisted that the court erred in overruling appellant's objection to the following question asked by appellee of one of its witnesses:

4. "Do you remember how long the note for $600 ran?" The objection was that the evidence was not competent or relevant, which objection was too general and indefinite to present any error on the ruling of the court. *Huber Mfg. Co.* v. *Blessing* (1912), 51 Ind. App. 89, 93, 99 N. E. 132, and cases cited. It is also insisted that the court erred in overruling appellant's objection to the following question asked of the same wit-

5. ness: "To whom was the money paid for the $500 note and the $600 note that went into the $1,100 note that you mentioned dated December 26, 1911?" The only objection to this question is that it was not shown that appellant's name was on the note. In reply to this objection counsel for appellee stated that they would show that his name was on it by further evidence, whereupon the court overruled the objection. Where the objection can be obviated by further evidence and counsel state that it will be introduced, it is not error to overrule the objection, and if such connecting evidence is not introduced, a motion must be made to strike out the principal evidence, before error can be predicated on the introduction of such evidence. No such motion was made in this case and therefore in any view of the question the court did not commit reversible error by overruling the objection. *Heady* v. *Brown* (1898), 151 Ind. 75, 77, 49 N. E. 805, 51 N. E. 85.

A witness was placed on the stand by appellant who testified that he was a banker, had experience

in judging handwriting and was acquainted
6. with the handwriting of appellant. On cross-
examination he was asked some questions
concerning alleged signatures of appellant to other
instruments shown the witness, and appellant as-
serts that he was permitted to answer over his ob-
jection and exception, but the briefs do not show
what, if any, objection was made by appellant to the
question, and for this reason no question is duly pre-
sented in regard thereto.

Appellant also contends that the verdict of the
jury is not sustained by sufficient evidence and is
contrary to law. There is evidence tending to
7. show that appellant executed the note for $800
sued on in the first paragraph of complaint
and the amount of the verdict is consistent with a re-
covery on such note. The evidence tends to sup-
port the verdict and this court can not weigh con-
flicting evidence. Neither can it say on the facts of
this case that the verdict is contrary to law.

The case seems to have been fairly tried on its
merits and a correct result reached. No intervening
error has been pointed out which deprived appel-
lant of any substantial right. *Friebe* v. *Elder*
(1914), 181 Ind. 597, 609, 105 N. E. 151. Judgment
affirmed.

NOTE.—Reported in 111 N. E. 320. On the admission of docu-
ment not otherwise relevant as standard of comparison of hand-
writing, see 18 L. R. A. (N. S.) 520. Generally on comparison of
handwriting, see 62 L. R. A. 817. For a discussion of papers in the
record as standards for comparison of handwriting, see 9 Ann. Cas.
451. See, also, under (1) 2 Cyc 1087; 38 Cyc 1769, 1791; (2) 38 Cyc
1769; (3) 38 Cyc 1419; (4) 3 C. J. 818; 38 Cyc 1386; (5) 3 C. J. 824;
38 Cyc 1401; (6) 3 C. J. 1416; 2 Cyc 1015; (7) 3 Cyc 348.