## OGLE *v.* COLBERT.

[No. 11,373.   Filed November 21, 1922.]

1.  APPEAL.— *Record.— Bill of Exceptions.— Praecipe.— Matters Included.*—A praecipe calling for a transcript of the "entire record" for use on appeal is sufficient to include and carry into the record the bill of exceptions containing the evidence, though the bill was not on file at the time the praecipe was filed with the clerk, but was tendered to the trial judge and signed by him at a later date.   p. 14.
2.  APPEAL. — *Questions Reviewable. — Instructions.— Record.— Statutes.*—Where it appeared from the record that the instructions given by the court of its own motion, though listed in the record, were not signed by the judge nor identified in any manner or shown to have been filed with the clerk or made part of the record by an order of court, or by a bill of exceptions, and a *nunc pro tunc* entry by the court purported to insert all instructions given or refused, but failed to do so, *held* that the instructions given by the court are not in the record, since, not having been signed by the judge and filed, they are not part of the record in accordance with §558 Burns 1914, §533 R. S. 1881, §561 Burns 1914, Acts 1907 p. 652, and were not brought into the record by a bill of exceptions as provided by §660 Burns 1914, §629 R. S. 1881.   p. 15.
3.  APPEAL.— *Questions Reviewable.— Instructions.— Failure to Bring All Instructions into Record.*—Where all the instructions given are not in the record, no question is presented for review on appeal as to any of the instructions given or refused. p. 16.
4.  APPEAL.— *Questions Reviewable.— Admission of Evidence.— Briefs.*—Where there is no reference in appellant's brief to the page in the record where the alleged objections of appellant to the admission of evidence and the rulings of the court can be found, and no grounds of objection are shown, no question is presented relative to the admission of evidence.   p. 17.

From Switzerland Circuit Court; *Edward S. Roberts,* Judge.

Action by Cleveland T. Colbert against William E. Ogle. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Carl S. Tandy, Perry E. Bear, Joseph R. Williams* and *Chalmer Schlosser,* for appellant.

*Sulzer & Bear* and *Curtis Marshall,* for appellee.

McMAHAN, J.—Complaint by appellee against appellant for damages on account of alleged misrepresentations made by appellant while acting as agent of the owner of a certain farm, which appellee had agreed to buy, and in accordance with such agreement appellee had paid appellant the sum of $500 to apply on the purchase price. The cause was tried by a jury and resulted in a verdict and judgment for appellee for $200.

Appellant contends that the court erred in overruling his motion for a new trial on the grounds: (1) that the verdict is contrary to law; (2) that it is not sustained by sufficient evidence; (3) error in admitting certain testimony; and (4) in giving and refusing to give certain instructions.

Appellee calls attention to the fact that appellant's praecipe for the transcript of the record for use on appeal was filed with the clerk of the trial court

1.    October 12, 1921, and that the bill of exceptions containing the evidence was not tendered to the trial judge nor signed by him and filed until November 7, 1921, and insists that the bill of exceptions is not properly a part of the record on appeal because it was not on file when the praecipe was filed with the clerk. When the praecipe was filed, the motion for a new trial had been overruled, the judgment had been entered of record, and time given for filing the bill of exceptions. The bill of exceptions was signed by the judge and filed within the time allowed, and when filed became a part of the record. The praecipe called for a transcript of the

"entire record," and in our judgment is sufficient to include the bill of exceptions thereafter filed.

Appellee next insists that no question is presented relative to the action of the court in giving or refusing to give instructions. The record shows that on September 16, at the conclusion of the evidence, "counsel for the parties by agreement in open court waive argument in said cause and agree in open court to submit said cause to the jury upon instructions to be given by the court, and afterwards the court gives instructions to the jury, which instructions read as follows, to wit." Here follows what purports to be instructions Nos. 1 to 18, tendered by appellant and signed by appellant's attorneys, followed by a memorandum, dated September 16, and signed by the judge, stating that: "Before any instructions were given to the jury in the cause, the court now gives to the jury in writing at the close of the case instructions requested to be given, and the court now gives of its own motion the following instructions, which were given by the court of its own motion numbered 1 to 7, inclusive," and also that Nos. 12, 13, 14 and 15, tendered by appellant, were given, and Nos. 6, 7, 8, 10, 11, 16, 17 and 18 were refused. Following this is a memorandum signed by appellant's attorneys, dated September 16, to the effect that appellant excepted to the giving of each instruction given by the court on its own motion, and to the refusal of the court to give each instruction tendered by appellant, and which the court refused to give. Here follows what purports to be instructions Nos. 1 to 7, given by the court on its own motion, but they are not signed by the judge nor identified in any manner. They are not shown to have been filed with the clerk or made a part of the record by order of the court or by bill of exceptions.

September 28 the court made a *nunc pro tunc* entry

reading in part as follows: "At the close of instructions by the court to the jury the court ordered filed with the clerk of the court, and in the clerk's office of this court, the following instructions; being all the instructions requested, given, or refused, and all instructions given by the court on its own motion, including the exceptions taken by either party therein, and all of which instructions were filed by the clerk of this court by order of said court, and which instructions and all exceptions to the same taken by either party thereto, are in the words and figures following to wit: (Here insert)." No instructions, however, are inserted or copied into the record and there is nothing to identify or indicate what instructions are to be inserted.

Without entering into a lengthy discussion of the question, it is clear that the instructions given by the court on its own motion are not brought into the record by a bill of exceptions as provided in §660 Burns 1914, §629 R. S. 1881. They are not signed by the judge and filed, and are therefore not made a part of the record in accordance with the provisions of §558 Burns 1914, §533 R. S. 1881. They are not properly in the record under §561 Burns 1914, Acts 1907 p. 652, because they are not authenticated by the signature of the judge as required by the provisions of this section. A few of the cases relating to making instructions a part of the record are *Roach* v. *Cumberland Bank* (1916), 60 Ind. App. 547, 111 N. E. 320; *Patterson* v. *State Bank, etc.* (1913), 55 Ind. App. 331, 102 N. E. 880; *Newsom* v. *Chicago, etc., R. Co.* (1913), 52 Ind. App. 577, 101 N. E. 26.

The instructions given by the court on its own motion not being in the record, no question is presented as to any of the instructions given or refused. *Morgan Construction Co.* v. *Dulin* (1915), 184 Ind. 652, 109 N. E. 960; *Lake Erie, etc., R. Co.* v. *Hol-*

3.

*land* (1903), 162 Ind. 406, 416, 69 N. E. 138, 63 L. R. A. 948; *Indianapolis Traction, etc., Co.* v. *Gillaspy* (1914), 56 Ind. App. 332, 105 N. E. 242; *Hammond, etc., R. Co.* v. *Kasper* (1919), 71 Ind. App. 328, 123 N. E. 360.

The next contention of appellant is that the court erred in overruling appellant's objection to the admission of the testimony of certain witnesses, but 4. appellee insists no question is presented relative to the admission of this testimony, since there is no reference to the page in the record where the alleged objections of appellant and the rulings of the court can be found. Not only is appellee's contention well taken, but the grounds of the objections, if any, are not shown. No question is therefore presented relative to the admission of the evidence.

Appellant also contends that the verdict is not sustained by sufficient evidence and is contrary to law. Without reviewing the evidence it is sufficient to say that it is ample to sustain the verdict, and, after a consideration of the evidence, the verdict does not appear to us to be contrary to law. There was no error in overruling the motion for a new trial.

Judgment affirmed.