Kelly *v.* John *et al.*

Judgment affirmed.

Filed November 21, 1895.

No.1,604.

## KELLY *v.* JOHN ET AL.

ASSIGNMENT OF ERROR.—*Joint Assignment as to Several Paragraphs of Complaint.*—An assignment of error that a complaint containing more than one paragraph fails to state facts sufficient to constitute a cause of action, must fail if one of the paragraphs states a cause of action.

BILL OF EXCEPTIONS.—*Time of Filing, How Computed.*—The time given by order of court in which to file a bill of exceptions is computed so as to exclude the first and include the last day, so that a bill of exceptions filed on the ninety-first day after the date of an order giving ninety days in which to file it is not a part of the record.

EXCEPTIONS.—*To Instructions Taken Collectively.—When Unavailing.*—An exception taken collectively to different instructions of the court to the jury, is unavailable as ground for reversal, unless all of the instructions so excepted to are erroneous.

From the Huntington Circuit Court.

*B. M. Cobb*, for appellant.

*J. F. France* and *Z. T. Dungan*, for appellees.

REINHARD, J.—One of the errors assigned is that the

·Kelly *v.* John *et al.*

amended complaint fails to state facts sufficient to constitute a cause of action. The amended complaint appears to be in two paragraphs. The first of these is a declaration on an account for a piano, sold and delivered to defendant by plaintiff, for which the former is alleged to be indebted to the latter in the sum of $265.00. The second paragraph is upon a written contract filed as an exhibit with the complaint. The assignment tests the complaint as a whole. The first paragraph is clearly sufficient. The assignment must therefore fail.

The remaining assignments discussed can only be considered with reference to the evidence given at the trial. The motion for a new trial was overruled on June 18, and ninety days' time was given·to file a bill of exceptions. The record shows that the bill containing the evidence was presented to the judge on September 17, and signed by him on September 18.

The rule as to the computation of time requires that the first day be excluded and the last day included. Applying this rule to the case in hand, we find that the bill of exceptions was not presented to the judge until the ninety-first day after the overruling of the motion for a new trial and the rendition of the judgment. The bill of exceptions was not presented in time, and the evidence is not in the record. We may say, moreover, that the chief complaint made of the rulings of the court is upon the instructions to the jury. The exception to these was taken collectively and not severally. The form of exception is as follows: "And to the giving of the 4th, 5th, 6th and 10th instructions the defendant excepted at the time," etc.

The exception must be taken to each instruction. Elliott App. Proced., section 791. If the exception be taken to the instructions as a whole, or to any number (as the 4th, 5th, 6th and 10th instructions), collectively

or jointly, it only tests the sufficiency of such instructions when considered together, and if any one of such instructions is good, the fact that the others are bad will not avail the party excepting. In the case at bar it could not, in any event, be held that all the instructions excepted to are bad, as some of them are clearly sufficient.

