## HOTMIRE v. O'BRIEN.

[No. 6,573.   Filed December 9, 1909.]

1. CONTRACTS.— *Oral.— Sharing Proceeds of Suit.— Statute of Frauds.*—An oral contract between two creditors that they would separately sue their debtor, share expenses equally, and share equally in the money collected, is not within the statute of frauds. p. 696.

2. CONTRACTS.—*Champerty.*—A contract between two creditors that they would separately sue their debtor, share expenses equally, and share equally in the amounts realized, is not champertous. p. 696.

3. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.   p. 698.

4. APPEAL.—*Instructions.—When Part of Record.*—Under §561 Burns 1908, Acts 1907, p. 652, providing that "all instructions * * * shall be filed with the clerk of the court at the close of the instructions of the jury," instructions cannot be considered as a part of the record, unless it appears by a proper record entry that such instructions were filed with the clerk at the close of the instructions.   *Hammond, etc., Electric R. Co.* v. *Antonia*, 41 Ind. App. 335, overruled.   p. 698.

From Jay Circuit Court; *John F. LaFollette*, Judge.

Action by Anna E. O'Brien against Richard Hotmire. From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*Jacob F. Denney,* for appellant.

*James J. Moran,* for appellee.

MYERS, C. J.—Appellee brought this action against appellant to recover one-half of a sum of money collected by appellant on account of a judgment in his favor against another. The complaint was in three paragraphs. The first two paragraphs were practically alike, and, in substance, show that on January 7, 1891, Jonas M. Lamburn, of Jay county, Indiana, was indebted to the husband of appellee and to appellant, respectively, in large sums of money; that at that time Lamburn was the owner of certain real estate, which he thereafter conveyed to his son, leaving no property subject to execution; that he refused to pay said indebtedness; that appellant and the husband of the appellee entered into an agreement, whereby they employed counsel and brought suit against Lamburn to obtain judgments for the several amounts of money due to each of them, and to set aside said conveyance as fraudulent; that each agreed to pay one-half of any expense of said suits, and equally to divide the proceeds which might be derived therefrom. The suit brought by appellant, pursuant to said agreement, was prosecuted to final judgment, and a decree was entered setting aside said conveyance as fraudulent. For the purpose of saving expense, the equity of Lamburn in the land being small, the attorneys having in charge the collection of said claims dismissed that part of the complaint of appellee's husband which attacked said conveyance, and judgment by default was taken against Lamburn; that each contributed one-half of the expense of both suits. In 1899 appellee's husband died, and all of his property, including his interest in these judgments, was set over to the appellee as his widow under §2943 Burns 1908, §2419 R. S. 1881. In 1904 appellant received $560 on his judgment, that being the only sum ever received upon either judgment, and which amount he still retains, and refuses to pay any part of the same to appellee. The third paragraph was for money had and received.

A demurrer to each paragraph for want of facts was overruled, answer in denial, trial by jury, verdict in favor of appellee for $261.45, and judgment on the verdict.

Appellant insists that the first and second paragraphs of the complaint are bad, because: (1) The contract sued on is within the statute of frauds; (2) that it was champertous, and therefore void.

While this action was based upon an alleged verbal contract, it was not upon a parol promise to pay the debt of another. The parties to the contract had valid claims 1. against the debtor, and each was to pay one-half of the expense necessary to enforce the payment of his claim, and was to divide equally whatever amount was collected. So that, by virtue of this contract, each was entitled to one-half of the proceeds received on account of either claim against the debtor. It was simply a joint agreement between the parties to the contract, whereby, in consideration of the payment of the expenses of certain suits equally, they were to share equally and without priority in the proceeds realized through their joint efforts. It was a matter about which they had a right to contract. Each was interested in the collection of claims against the same debtor, and to allow appellant to retain all of the money thus received would be to sanction a purpose, morally and legally contrary to fair dealing and common honesty. The paragraphs were not subject to the first objection urged against them.

As to the second objection, it certainly appears that both parties to the contract were interested in the suits against their common debtor. The most that can be said in 2. this respect, against appellee's right to maintain this action, is that her husband assisted appellant in maintaining his suit, by the payment of one-half of the expenses thereof. He was not a stranger to that suit and was not an intermeddler in the sense required to render the contract void on the ground of champerty or for illegal maintenance. For

it has been held that where a party has an interest, direct or remote, immediate or contingent, existing at the time the suit is commenced, the right of such party to assist in maintaining such a suit exists and may be exercised. *Smith* v. *Flack* (1884), 95 Ind. 116, 125; *Board, etc.,* v. *Jameson* (1882), 86 Ind. 154, 162. In the case of *Tron* v. *Lewis* (1903), 31 Ind. App. 178, 186, it was held that "an agreement to contribute to the expenses of litigation in which the person so agreeing is interested, or may reasonably suppose himself to be interested, by reason of having an interest in the question at issue, is not a champertous agreement or one subject to the charge of maintenance." Citing cases. In *Mud Valley, etc., Gas Co.* v. *Hitchcock* (1907), 40 Ind. App. 105, it was said that champerty "is the aiding of a litigant, with money to prosecute or defend his suit, by a stranger having no interest, direct or remote, immediate or contingent, upon an agreement with the party in interest whereupon such stranger is to receive a part of the thing in dispute. *Stotsenburg* v. *Marks* [1881], 79 Ind. 193; *Quigley* v. *Thompson* [1876], 53 Ind. 317." In this case no facts are exhibited in either paragraph of the complaint under consideration bringing the contract sued on within any of the definitions of champerty or maintenance, either at common law or within the doctrine as recognized and enforced in this State. Both parties to the contract were interested in the subject-matter; both had claims of equal standing against the debtor, and the contract appears to have been made in good faith. It was not, therefore, subject to the charge suggested by the appellant.

Appellant in his motion for a new trial insists: (1) That the verdict is not sustained by sufficient evidence; (2) that certain instructions given by the court to the jury were erroneous; (3) that the court erred in refusing to give certain instructions asked for.

There is evidence in the record to sustain the verdict of the

jury. While the evidence is conflicting as to some material facts, yet for us to disturb the verdict would require that we weigh the evidence, and this we cannot do.

Appellee insists that the instructions are not in the record. On this subject the record is as follows: "Come the parties, by counsel, and argument of counsel being completed, the court now instructs the jury, in writing only, and the instructions given and those refused are ordered filed and made a part of the record herein, which said instructions so given and refused are as follows." Then follow three instructions marked "Given," then follow three instructions requested by defendant, the first marked "Given," the second and third marked "Refused." Then follow instructions four and five marked "Given," at the close of which appear the words "April 9, 1907, John F. La-Follette, Judge Jay Circuit Court." Then follow memoranda, referring to instructions by numbers, given by the court of its own motion, and those requested by the defendant and refused, and reciting, "and no other instructions were read or given to them [jury] in said cause. John F. LaFollette, Judge, Jay Circuit Court." Then follow memoranda referring to the instructions given by the court on its own motion by numbers, and those requested by the plaintiff and given, and those requested by the defendant and refused; showing that the defendant reserved an exception to all given as well as to those requested by him and refused, and signed by the attorney for the defendant. Then follows a copy of instructions requested by plaintiff, some marked "given" and some "refused." Our code provides that "all instructions requested, whether given or refused, and all instructions given by the court of its own motion, shall be filed with the clerk of the court at the close of the instructions of the jury." §561 Burns 1908, Acts 1907, p. 652. It will be seen that there is no record entry showing that the instructions given or refused were filed with the clerk of the

court at the close of the instructions to the jury. Such an entry was necessary in order to bring the instructions into the record under the act of 1907, *supra,* which was in force March 12, 1907. *Elrod* v. *Purlee* (1905), 165 Ind. 239; *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569.

In the case of *Thompson* v. *Thompson* (1901), 156 Ind. 276, it was held to be settled ''that in order to make the instructions a part of the record in a civil case, without a bill of exceptions, they must be filed in open court [§542 Burns 1894, cl. 6, §533 R. S. 1881], and the record must affirmatively show they were so filed.'' The cases to which we have just referred are controlling of the question now being considered, and we must, therefore, hold that the instructions are not in the record. In the case of *Hammond, etc., Electric R. Co.* v. *Antonia* (1908), 41 Ind. App. 335, this court held that a record similar to the one before us sufficiently showed that the instructions were properly filed. That decision seems to be in conflict with the holding of the Supreme Court, and to that extent that decision is now overruled.

Having considered all of the errors relied on by the appellant, and finding no reversible error, the judgment is affirmed.