## SULOJ *v.* RETLAW MINES COMPANY.

[No. 8,432. Filed December 11, 1914.]

1. APPEAL. — *Record.* — *Instructions.* — *Failure to Show Filing.* — Section 561 Burns 1914, Acts 1907 p. 652, relating to making instructions a part of the record without a bill of exceptions, is strictly construed, and requires that all instructions, whether given or refused, shall be filed with the clerk of the court at the close of the instruction of the jury; hence, where the order book entry shows that the minutes made on the instructions by the trial court were filed and ordered made a part of the record, but does not disclose that the instructions themselves were filed, the instructions are not in the record and no question thereon is presented. p. 303.

2. APPEAL.—*Record.*—*Failure to Show Filing of Instructions.*— *Correction Nunc Pro Tunc.*—Where the record on appeal fails to disclose that instructions were filed so as to be made a part thereof without a bill of exceptions, and such failure is merely the result of mistake or inadvertence of the clerk in making the order book entry, the record may be corrected *nunc pro tunc.* p. 304.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Action by Peter Suloj against the Retlaw Mines Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Daniel Belasco* and *Walker & Blankenbaker,* for appellant. *Davis & Bogart* and *Mastin & Sherlock,* for appellee.

LAIRY, J.—This is an action for damages growing out of a personal injury received by appellant while he was employed as a laborer in the mine of appellee. There was a verdict and judgment in appellee's favor.

The only error assigned on appeal is the action of the trial court in overruling appellant's motion for a new trial, and the only questions sought to be presented under this assignment relate to the giving of certain instructions and to the refusal to give certain instructions requested by appellant.

Appellee asserts that the instructions are not properly a part of the record and that for this reason no error is shown. No bill of exceptions containing the instruc-

1. tions was filed, but an attempt was made to bring the instructions into the record under the provisions of the statute on that subject. §561 Burns 1914, Acts 1907 p. 652. Among other things this statute provides that all instructions requested, whether given or refused, and all other instructions given by the court of its own motion, shall be filed with the clerk of the court at the close of the instruction of the jury. A strict construction has been placed upon this provision of the statute and it has been held that unless the record affirmatively shows that the instructions were filed in accordance therewith, such instructions are not a part of the record and can not be considered on appeal. *Hotmire* v. *O'Brien* (1909), 44 Ind. App. 694, 90 N. E. 33; *Elrod* v. *Purlee* (1905), 165 Ind. 239, 73 N. E. 589, 74 N. E. 1085; *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 86 N. E. 966.

The order book entry shows that the minutes made on the instructions by the trial court were filed and ordered made part of the record, but it does not show that the instructions themselves were filed unless it must be held that the minutes indorsed thereon could not have been filed with-

out filing the instructions. The statute provides that the court shall indicate, before instructing the jury, by a memorandum in writing at the close of the instructions so requested, the numbers of those given and of those refused, and such memorandum shall be signed by the judge. We can not say that this memorandum entered at the close of the instructions and signed by the judge may not have been filed without filing the instructions. The entry is awkwardly worded and it is possible that the clerk intended it to show that the instructions were filed, but no such meaning can be drawn from the language employed. If the instructions were filed at the close of the instruction of the jury, and if the failure of the order book entry to show such fact was due to a mistake and inadvertence of the clerk in making the entry, the record should have been corrected by a *nunc pro tunc* entry. Almost two years before this case was reached for decision on appeal, the attention of counsel for appellant was called to the defective condition of the record by the brief of appellee, and no action has been taken in the meantime to correct the record so as to make it show that the instructions were filed.

As the instructions are not a part of the record no error is shown, and the judgment of the trial court must be affirmed.

Note.—Reported in 107 N. E. 18. As to the entry of *nunc pro tunc* judgments and orders, see 4 Am. St. 828. See, also, under (1) 3 Cyc. 170; (2) 3 Cyc. 426.