## INDIANAPOLIS AND CINCINNATI TRACTION COMPANY v. HARDWICK, ADMINISTRATRIX.

[No. 9,841. Filed May 14, 1919.]

1. APPEAL.—*Questions Presented.—Ruling on Demurrer.—Waiver. —Failure to Except.*—Where defendant failed to except to the ruling of the trial court in overruling its demurrer to the complaint, it waived the question, and such ruling will not be reviewed on appeal. p. 196.

2. APPEAL.—*Review.—Verdict.—Interrogatories.—Scope of Review.* —In passing on a motion for judgment on the answers to interrogatories, notwithstanding the general verdict, the court looks only to the general verdict, the issues, and the answers to the interrogatories. p. 198.

3. TRIAL.—*Verdict.—Scope and Effect.*—A general verdict for plaintiff finds every material allegation of the complaint against the defendant. p. 198.

4. APPEAL.—*Review.—Answers to Interrogatories.—Presumptions Favoring General Verdict.*—In passing on a motion for judgment on the answers to interrogatories all presumptions are in favor

NOVEMBER TERM, 1918.        193

Indianapolis, etc., Traction Co. v. Hardwick, Admx.—70 Ind. App. 192.

of the general verdict, if the pleadings will admit evidence to overcome the answers.  p. 198.

5.  CARRIERS.—*Injuries to Prospective Passenger.—Action.—Questions for Jury.—Contributory Negligence.*—In an action against an interurban railway for the death of a prospective passenger waiting to board a car at a signal stop, where the complaint alleged that it was the custom, acquiesced in and acknowledged by defendant, for persons intending to board a car after dark to enter upon the track and swing a light as a signal for the car to stop, and that decedent, believing an approaching car was a regular passenger car which would stop on signal, went upon the track to give the customary signal, and was run down and killed by cinder trucks attached to the front end of such car and upon which trucks defendant had carelessly and negligently failed to place any lights, so that on account of the darkness they could not be seen by decedent, it was for the jury to determine whether decedent was guilty of contributory negligence.  p. 198.

6.  APPEAL.—*Presenting Questions for Review.—Briefs.—Failure to Show Filing of Instructions.*—Where it does not appear from appellant's brief that the instructions were filed with the clerk, they are not in the record, and the omission cannot be supplied in the reply brief.  p. 199.

7.  APPEAL.—*Questions Presented.—Correctness of Instructions.*—Where the exception taken to the instructions was joint, and it is admitted on appeal that some of those given were correct, no question is presented for review as to the instructions.  p. 199.

From Wayne Circuit Court; *Nathan A. Whitaker,* Judge.

Action by Cora B. Hardwick, administratrix of the estate of John Hardwick, deceased, against the Indianapolis and Cincinnati Traction Company.  From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Kittenger & Diven, Morgan & Morgan* and *Kivett & Kivett,* for appellant.

*C. E. Fenstermacher, L. W. Curry* and *H. L. McGinnis,* for appellee.

NICHOLS, J.—This was an action brought by the appellee against the appellant to recover damages for

the death of her husband, John Hardwick, who was killed by being struck by one of appellant's work trains. The complaint was in one paragraph, to which a demurrer was filed by appellant and overruled by the court. Appellant filed a general denial to the complaint, and the cause was submitted to the jury for trial. There was a general verdict for $2,500, with answers to interrogatories. The appellant made its motion for judgment in its favor on the interrogatories and answers thereto, which was overruled, to which ruling the appellant excepted. Judgment was entered on the general verdict in favor of the appellee in the sum of $2,500 and costs. From this judgment this appeal is prosecuted.

Errors relied upon for reversal are: (1) The court erred in overruling appellant's demurrer to the complaint. (2) The court erred in overruling appellant's motion for judgment in its favor upon the interrogatories answered by the jury notwithstanding the general verdict. (3) The court erred in overruling appellant's motion for a new trial.

The substance of the complaint, so far as is necessary for this decision, is as follows: The appellee is the administratrix of the estate of John Hardwick, deceased. The appellant at the time of the accident resulting in the death of appellee's decedent operated a street railway from the city of Indianapolis to the city of Connersville, Indiana, as a common carrier of passengers for hire. Stop 33 was one of its stopping places, at which it stopped upon signal given to the motorman in charge of the car. In order to give such a signal after dark, it was customary for intended passengers to enter upon the track at said stopping place and swing a light across the track in

NOVEMBER TERM, 1918. 195

Indianapolis, etc., Traction Co. v. Hardwick, Admx.—70 Ind. App. 192.

front of the approaching car; such custom was well known to the defendant company. On November 27, 1911, it was, and had been for a long time prior thereto, the custom, and the schedule time, of the defendant company to run one of its passenger cars in a westerly direction passing stop 33 at about 6:00 p. m., which car, upon signal given, would stop to take passengers, all of which was well known both to the deceased and the appellant. About 6:00 p. m. of said day, being after dark, the deceased went to said stop 33 for the purpose of taking passage on appellant's car due to pass about that time, and, while deceased was waiting for such car to arrive, the appellant carelessly and negligently approached said stop from the east, with a work car, which looked like, and had the appearance of, a passenger car which was then about due at said stop, which car was equipped and lighted with electric lights in the same manner as such passenger cars, and carelessly and negligently had attached to the front end of said car four cinder trucks, which trucks were about five feet lower than the said work car, and extended about 200 feet in front of said work car. Appellant carelessly and negligently placed lights in said work car, and carelessly and negligently failed to place any light or lights or signal of warning on said cinder trucks, and carelessly and negligently failed to give warning to the deceased of the position of said cinder trucks. On account of the darkness, and of the negligence of the defendant as aforesaid, said cinder trucks could not be seen by a person standing near said track at said stop in time to avoid being struck by them. On said November 27, 1911, as the defendant approached said stop with said work car, and said cinder trucks in front of said work car, de-

ceased, believing it was one of its passenger cars that was about to pass said stop aforesaid, went upon the track with a lighted lantern in his hand to signal such car to stop for the purpose of taking passage on the same, and while he was in the act of signaling said car to stop he did not know of said cinder trucks, and could not see them in time to avoid being struck by them. The defendant carelessly and negligently approached, and carelessly and negligently ran its cinder trucks against and over the deceased and thereby killed him. The complaint further avers that the deceased left surviving him the appellee as his widow and seven minor children all dependent upon him for support and maintenance. There is a prayer for damages in the sum of $10,000.

The appellant failed to except to the ruling of the court in overruling its demurrer to the complaint, and has thereby waived the question, and such ruling will not be reviewed. *Young* v. *McLane* (1856), 8 Ind. 357. We do not need to cite other authorities; this rule is elementary.

So far as is material to this decision, the jury found in substance: That the decedent and his daughter had gone to stop 33 after dark, for the purpose of taking passage on one of appellant's cars to Rushville. The decedent lived about one-half mile from said stop for eight months before the accident. He was fifty-seven or fifty-eight years of age, his hearing and eyesight were good, and he could read. He had frequently boarded and alighted from cars at this stop, and was acquainted with the surroundings and location, and knew that work trains, freight trains and passenger cars passed said stop both in the daytime and nighttime; that the train that killed decedent consisted of

Indianapolis, etc., Traction Co. *v.* Hardwick, Admx.—70 Ind. App. 192.

a motor car and four cinder trucks pushed in front of it, and extending in front about 135 feet, and over the rails of the track at the side about twenty-four inches; that there was a platform on the front of the cinder trucks about four feet wide and four feet and four inches above the rails of the track, the bed of the cinder trucks being about four feet above this platform, making the trucks eight feet and four inches high; that the track was straight for about a mile and the ground level for a distance of about a mile east. There was no obstruction along the track east except a pole line on the north side of the track three feet and eleven inches north of the north rail of the track. There was a shelter house on the north side of the tracks about four feet therefrom, and a cinder platform between the shelter house and the north rail of the track. The decedent was killed about 5 :40 p. m., and the next passenger car was due to arrive at 5 :58 p. m., which was after dark. There was no lantern carried on the front end of the cinder trucks which struck decedent. There was nothing to prevent decedent from seeing a light on the front end of the train as it approached stop 33, if a light had been there. The decedent was in the shelter house on the north side of the track, and left it to go partially between the rails of the track, for the purpose of signaling a car which he knew was approaching, and tried to signal it by waving the lighted lantern across the tracks. He could have seen the car from the north side of the tracks, but voluntarily straddled the rail to signal it. If he had stood north of the tracks more than two feet from the north rail he would not have been injured. The train of cars made a noise as they approached. At about the time the decedent went

upon the track his daughter said to him, "Watch out papa." The approaching train whistled at about 1,400 feet from the stop, and the decedent heard it, and upon hearing it went out of the shelter house, and, after looking, called for the lantern, which was handed to him by his daughter, and then went partially into the middle of the track. After the whistle, the train continued to approach stop 33.

In passing upon the motion for judgment upon the answers to interrogatories, notwithstanding the general verdict, the court looks only to the general verdict, the issues, and the answers to interrogatories. The general verdict finds every material allegation of the complaint against the losing party. *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1915), 57 Ind. App. 644, 654, 104 N. E. 866, 106 N. E. 739; *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144, 66 N. E. 615. All presumptions are in favor of the general verdict, if the pleadings will admit evidence to overcome the answers. *Williams* v. *Lowe* (1916), 62 Ind. App. 357, 113 N. E. 471.

In this case the jury has found by its general verdict that the appellant was guilty of negligence that resulted in the death of appellee's decedent, and that the decedent was not guilty of conributory negligence. It is averred in the complaint that stop 33 was a stop where the appellant's cars stopped on signal; that it was the custom for passengers intending to board a car to enter upon the track at such place and swing a light across the track, which custom was well known to the appellant, and acquiesced in and recognized by it, by stopping its cars upon such signals; that near the time decedent's car should arrive a car came from the east with four

cinder trucks in front o. it; that the car was equipped with electric lights, but the cinder trucks were not lighted at all; that no warning was given of the position or location of such cinder trucks, which were lower than the car, and decedent could not see them because of the darkness, and decedent believed the car to be the regular passenger car which would stop on signal; that so believing, he went upon the track to signal with a light as was the custom at said stop, and was killed by the cinder trucks. Evidence was admissible to prove these averments, and the answers to interrogatories are not inconsistent with them. Under such averments it was for the jury to say whether decedent was guilty of contributory negligence. *Chicago, etc., R. Co.* v. *Sharp* (1894), 63 Fed. 532, 11 C. C. A. 337; *Deister* v. *Atchison, etc., R. Co.* (1917), 99 Kan. 525, 162 Pac. 282, L. R. A. 1917C 784. The motion for judgment on the answers to interrogatories in favor of appellant was properly overruled.

It does not appear by the appellant's brief that the instructions were filed with the clerk, hence they are not in the record. *Suloj* v. *Retlaw Mines Co.* (1914), 57 Ind. App. 302, 107 N. E. 18; *Hotmire* v. *O'Brien* (1909), 44 Ind. App. 694, 90 N. E. 33. This omission cannot be supplied in the reply brief. *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57; *Fox* v. *State* (1917), 186 Ind. 299, 116 N. E. 295.

There is no question presented as to the instructions, as it is admitted that some of the instructions given were correct, and the exceptions taken were joint. *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538; *Kelly* v. *John* (1895), 13 Ind. App. 579, 41 N. E. 1069.

The evidence substantially sustains the averments of the complaint, and this is sufficient to support the verdict of the jury.

We find no reversible error. The judgment is affirmed.