WHITEMAN, ADMINISTRATOR, *v.* HEINZMAN, GUARDIAN, ET AL.

[No. 9,886.  Filed October 7, 1919.  Rehearing denied January 29, 1920.]

1. INSURANCE.—*Life Insurance.—Action on Benefit Certificate.—Dependency.—Burden of Proof.—*A member of a fraternal order was under no obligation, legal, moral, or equitable, to support nephews by marriage, hence the reasonable presumption is that they were not dependent on him for support; and where their guardian, interpleaded in an action against the insuring order by the administrator of such member's estate, sought to recover for them on the theory that they were proper beneficiaries within a by-law permitting a member to designate as beneficiaries persons dependent on him, the guardian had the burden of showing the necessary dependence. p. 390.

2. INSURANCE.—*Life Insurance.—Action on Benefit Certificate.—Dependents.—*Under a fraternal insurance order's by-laws, permitting a member to designate as beneficiaries persons dependent upon him, nephews by marriage of a deceased member cannot recover as beneficiaries on the theory that they were his dependents, unless they were substantially and materially supported by him under an obligation resting upon some moral, legal or equitable ground, and not upon some purely voluntary or charitable impulse of the member. p. 391.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by William F. Whiteman, administrator of the estate of Sherman Lamadee, deceased, against the Supreme Tribe of Ben Hur, in which defendant interpleaded admitting liability and asking that Charles F. Heinzman, guardian, be substituted as a party de-

fendant. From a judgment for the substituted defendant, the plaintiff appeals. *Reversed.*

*Clifford V. DuComb, Floyd A. Deahl* and *Louis M. Hammerschmidt,* for appellant.

*P. C. Fergus* and *Van Fleet, Hubbell & Dinnen,* for appellees.

NICHOLS, P. J.—This was an action in the St. Joseph Circuit Court by the appellant against the appellee, the Supreme Tribe of Ben Hur, on a mutual benefit insurance certificate, issued by said appellee to W. T. Sherman Lammedee. The statute under which the appellee was incorporated, being Acts 1899 p. 177, §5043 Burns 1914, empowered said appellee to accumulate a fund that could be paid to the "families, heirs, blood relatives, affianced husband or affianced wife of or to persons dependent on the member." The by-laws of said appellee contain a like provision. The appellee filed an interpleader admitting liability, but averring that the appellee Charles F. Heinzman, as guardian of the persons and estates of Louis Jr., George Jr. and Glen Heinzman, was claiming the amount of said insurance for and in behalf of his said wards. The appellee insurance company thereupon paid said sum of $1,500 into court, and asked that said appellee Charles F. Heinzman, guardian, be substituted as a party, and that said company be discharged.

Appellee Charles F. Heinzman, guardian, was thereupon made a party, and filed his answer in denial to the complaint and his cross-complaint, to which, after appellant's demurrer thereto, which was overruled, appellant filed his answer in three paragraphs, the first being a denial. To the second and third

paragraphs of appellant's answer to the cross-complaint of appellee Heinzman, guardian (hereinafter mentioned as appellee), said appellee filed his reply in general denial, and the cause, being at issue, was submitted to a jury for a trial. At the close of appellee's evidence, appellant filed his motion for an instruction to the jury to return 'a verdict for appellant, and a like motion at the close of all the evidence, both of which motions were overruled. There was a general verdict for the appellee for the $1,500 so paid into court as aforesaid. Appellant filed his motion for judgment in his favor, on the jury's answers to interrogatories submitted to it, notwithstanding the general verdict, which motion was overruled, to which ruling the appellant excepted, and after a motion for a new trial, which was overruled, this appeal.

Of the errors assigned, we shall consider only one —the error of the court in overruling appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict.

It is averred in the complaint, with the usual averments of such complaints, that said policy was made payable to Laura L. Lammedee, the wife of said Sherman Lammedee, who died prior to the death of said Sherman Lammedee; that after her death Sherman Lammedee made Jane Lammedee, his stepmother, the beneficiary under the policy; that Jane Lammedee died prior to the death of Sherman Lammedee; that Sherman Lammedee made no further provision for the disposition of the certificate and policy, as provided in the by-laws of the defendant association; that §121 of the by-laws of defendant association provides:

"In the event of the death of a designated beneficiary prior to the death of the member and

the member dies without having made a disposition of said portion or all of his certificate, the same shall be paid to the legal representative of said deceased member for the use and benefit of the deceased member's heirs if any survive.''

Appellee's cross-complaint sets out §118 of the insurance company's by-laws, a part of which is as follows:

"A member may designate as beneficiary, any one or more persons of any of the following classes, viz.: families, heirs, blood relatives, affianced husband or affianced wife, or persons dependent on the member.

"It is expressly prohibited by the statutes under which this society is organized, to designate as a beneficiary, 'a friend, creditor or trustee,' not above contemplated.''

It then avers the naming of Laura L. Lammedee as beneficiary, and her death, and the naming of Jane Lammedee as beneficiary, and her death, both as in the complaint, after which it avers that said assured executed his written change of beneficiary, designating appellee's ward as beneficiaries, which is as follows:

"Change of Beneficiary.

"I, William T. S. Lammedee, to whom the within certificate was issued do hereby revoke my former direction as to the payment from the benefit fund due me at my death, and now authorize and direct such payment to be made to Louis Heinzman, Jr.; George Heinzman, Jr. and Glen A. Heinzman, bearing the relation to me of nephews.

"Dated at South Bend this 14th day of November, 1914.

"William T. S. Lammedee. (Seal)."

And to his written request to the supreme scribe of said insurance company for such change, which is as follows:

"Dear Sir and Brother: It is my desire to have these nephews named as beneficiaries to my certificate, as they are partially dependent, and their ages are from five months to seven years old. They are children of my wife's brother. As I have no other beneficiary, kindly transfer and oblige.

"Yours in T. B. H.,
"William T. S. Lammedee."

Then follows a general averment that said wards were, during all the time to the death of the said assured, dependent on him, and that said assured had done all things necessary to be done on his part to perfect said change according to the by-laws of said company, in order to perfect said change of beneficiaries, but that he died before said supreme scribe had approved such change.

The appellant's second paragraph of answer to appellee's cross-complaint avers that the assured failed to make any change to said wards as beneficiaries that was approved or accepted by the insurance company, or to make any change in the beneficiary as provided in the by-laws that was accepted by the company, and that such attempted change was never approved or accepted by said company, and that such company declined and refused to grant the change of beneficiaries to the said wards, until and only when said assured executed an affidavit that the

said wards were dependent upon him for support, but that the assured failed and refused to make such affidavit.

Appellant's third paragraph contains no additional averments necessary to this decision. With these issues before it, the jury found, in answer to interrogatories submitted to it by the court, that the assured was related to appellee's wards by marriage only, and that they were his nephews only; that there was no evidence that said wards had lived continuously with their parents in a home provided by their parents, nor was there evidence as to whom they had lived with, or how long; that there was no evidence that the parents of said wards furnished them a home, board, clothes and medical services, nor was there evidence as to who furnished said wards a home, board, clothes and medical services, nor when and to what extent they were furnished; that the assured did not declare that said wards were not dependent on him for support; that there was no evidence as to the extent to which the assured did support said wards; that said assured did not, a few days before his death, declare that he was unable to make an affidavit to the effect that said wards were dependent upon him, because he was not contributing to their support; that said assured left heirs at law surviving him.

Appellee's wards were not blood relatives, as it clearly appears by these answers to the interrogatories that they were but nephews by marriage.

1.   If, then, they recover, it must be because it appears that they were dependents of the assured. The degree of relationship alone certainly does not cast upon the assured any legal, moral or equitable obligation to support appellee's wards. The

reasonable presumption is that they were not dependent upon him for support, and the burden was upon appellee to show such dependence. For authorities as to what may constitute one a dependent of another, see *Ownby* v. *Supreme Lodge, etc.* (1898), 101 Tenn. 16, 46 S. W. 758; *Martin* v. *Modern Woodmen, etc.* (1903), 111 Ill. App. 99; *Lavigne* v. *Ligue des Patriotes* (1901), 178 Mass. 25, 59 N. E. 674, 54 L. R. A. 814, 86 Am. St. 460; *Caldwell* v. *Grand Lodge* (1905), 148 Cal. 195, 82 Pac. 781, 2 L. R. A. (N. S.) 653, 113 Am. St. 219, 7 Ann. Cas. 356; *Royal League* v. *Shields* (1911), 251 Ill. 250, 96 N. E. 45; *Ballou* v. *Gile, Admr.* (1880), 50 Wis. 614, 7 N. W. 563; *Supreme Lodge, etc.* v. *Hutchinson* (1892), 6 Ind. App. 399, 33 N. E. 816; *Nye* v. *Grand Lodge, etc.* (1893), 9 Ind. App. 131, 150, 36 N. E. 429.

It clearly appears from these authorities that dependence that will permit a recovery as a beneficiary must be for support or maintenance in a material degree, and that the obligation to furnish it must rest upon some moral, legal, or equitable ground, and not upon some purely voluntary, or charitable impulse, or disposition of the member. By its answers, the jury finds that there was no evidence that the assured furnished a home, or board, clothing, or medical service for appellee's wards. We can think of no substantial, material element of support that is not covered by such finding.

We conclude that justice will be best subserved by granting a new trial. The judgment is therefore reversed, with instructions to the trial court to grant a new trial.

Dausmann, J., dissents.

DISSENTING OPINION.

DAUSMAN, J.—In order that my position may be understood, I deem it advisable to make an additional statement concerning the pleadings.

(1) Appellant is the administrator of the estate of W. T. Sherman Lammedee, deceased, and in his capacity as such administrator he instituted this action against the Supreme Tribe of Ben Hur, a fraternal beneficiary association, to recover on a certificate issued to Lammedee as a member of the association. The certificate recites, in addition to other things, that Lammedee "is entitled to all the rights, benefits and privileges of beneficial membership in the Tribe of Ben Hur, and to designate as his beneficiary under this certificate Laura Lammedee, bearing to him the relationship of wife;" also that "this certificate is issued subject to, and to be construed and controlled by, the laws, rules and regulations of the order, now in force or which may hereafter be adopted." It is averred in the complaint that §121 of the by-laws of the association provides:

"In the event of the death of a designated beneficiary prior to the death of the member and the member dies without having made disposition of said portion or all of his certificate, the same shall be paid to the legal representative of said deceased member for the use and benefit of the deceased member's heirs, if any survive."

It is further averred in the complaint that on the death of Laura Lammedee, the member designated as beneficiary his step-mother, Jane Lammedee, and that Jane died prior to the death of the member; that the member died without having designated any other beneficiary; and that by reason of the premises the

association "is indebted to this plaintiff and this plaintiff is entitled to recover from said defendant the sum of $1,500.00."

(2)   The association filed a bill of interpleader in which it recited the history of its dealings with Lammedee.  Of the averments of the bill the following will serve to show the attitude of the association:

That after the death of Jane Lammedee the member expressed a desire to the association to designate new beneficiaries, and paid the usual fee for making the change; that he signed and executed a change of beneficiary in the following words:

"I, William T. S. Lammedee, to whom the within certficate was issued, do hereby revoke my former direction as to the payment from the Benefit Fund due at my death, and now authorize and direct such payment to be made to Louis Heinzman, Jr., George Heizman, Jr., and Glen A. Heinzman, bearing relation to me of nephews.

"Dated at South Bend this 14th day of November, 1914.

"William T. S. Lammedee.

"Attest: Orpha A. Elliot, Scribe. . (Seal)."

That the association received said change of beneficiary together with the following letter:

"South Bend, Indiana, Nov. 29, '14.

"Dear Sir and Brother:

"It is my desire to have these nephews named as beneficiaries to my certificate as they are partially dependent and their ages are from 5 months to 7 years old; they are children of my wife's brother, as I have no other beneficiary kindly transfer and oblige.

"Yours in T. B. H.,

"William T. S. Lammedee."

That said certificate, change of beneficiary, and letter were mailed to the association by one Orpha A. Elliott, local representative of the association at South Bend, Indiana, who transmitted therewith the following letter written by herself:

"South Bend, Ind., Dec. 4th, 1914.

"Bro. Snyder, Supreme Scribe:

"I am enclosing a letter and the certificate of Bro. Lammedee. Hope it may be possible for you to make the change of beneficiaries as he desires. He has no one else to change it to and unless you change it he will have to drop it and he does not want to do that as the near relatives are dead, and if you do not change it please return the 50 cents he sent you for the change.

"Yours fraternally,

"Orpha A. Elliot, Scribe."

That the association attached to the certificate a modified form of change of beneficiary in blank, which form is still attached to said certificate and reads as follows:

"I, William T. S. Lammedee, to whom the within certificate was issued, do hereby revoke my former direction as to the payment from the Benefit Fund at my death, and now authorize and direct such payment to be made to Louis Heinzman, Jr., George Heinzman, Jr., and Glen A. Heinzman, nephews, children of my wife's brother, and dependent on me, bearing relation to me of children of my wife's brother and dependent on me.

"Dated at South Bend, Ind., this .... day of December, 1914.

..................... Seal.

"(Seal of Court)

"Attest: .................... Scribe.

"The Supreme Tribe of Ben Hur hereby consents to the above change of beneficiary.

"Dated at Crawfordsville, Indiana, this .... day of ............ 191.....

"(Seal of Supreme Scribe)

.................... Supreme Scribe."

That the association then transmitted, not directly to Lammedee but to its local representative, the certificate, with the change of beneficiary attached, together with the following letter:

"No. 6-N.    December 7, 1914.

"Orpha A. Elliot,

"1410 Wiliver St.,

"South Bend, Indiana.

"Dear Sister:

"We are returning the certificate of Brother T. S. Lammedee with a new blank Change of Beneficiary attached to the back of his certificate. We will approve this direction as to change of beneficiary for this brother not because the beneficiaries named are children of his wife's brother, but because of their dependence upon Brother Lammedee.

"Please have him properly complete the blank Change of Beneficiary and return to us accompanied by the enclosed Affidavit of Dependency which he should properly execute. Upon receipt

of which we will gladly attend to this for this brother.

"Fraternally yours,

"Supreme Scribe."

That the association is informed and believes that Lammedee died before he was able to comply with the suggestions contained in said letter. That the Heinzman children by their guardian are claiming the amount due on said certificate as the beneficiaries of Lammedee. That the association "has no interest in the claim of the said plaintiff or of the said guardian or of the said Louis Heinzman, Jr., George Heinzman, Jr., and Glen A. Heinzman, other than its desire to pay said benefits accruing and payable under said beneficial certificate to the person or persons lawfully entitled to receive the same, and to protect itself from the hazard of paying the same to any of said claimants in the face of the demands and claims so m de by the others as herein alleged and set forth, without first having the rights and claims of said claimants adjudged and settled as between themselves. That it is impartial and indifferent and disinterested as between said claimants and has no intention to favor or promote the interests of any of said claimants as against the other with respect to said benefits under said beneficial certificate, and has incurred no independent liability to either of said claimants, except as herein alleged, and has not acknowledged liability to either of said claimants; but it has not denied, and does not now deny, but concedes, its liability to the full amount of said beneficial certificate, to wit: the sum of $1,500.00 to the party entitled to receive the same."

After further formal allegations, the association

asked permission to pay the money into court, and asked that the rival claimants be required to have their rights determined by the court, and that it be discharged. The bill is verified by the oath of John C. Snyder, supreme scribe of the association. The money was paid into court, and thereupon the court made an order discharging the association and directing the guardian of said children to interplead.

(3) The guardian then filed a pleading, denominated cross-complaint, against the administrator. This pleading sets out a complete history of the case, including the correspondence above set out, and certain by-laws of the association. It contains the averment that said children were dependents of Lammedee.

(4) To this cross-complaint the administrator filed answer in three paragraphs. The first paragraph is the general denial. The gist of the second paragraph is that the association never accepted nor approved the change of beneficiary by which said children were designated as Lammadee's beneficiaries. The third paragraph does not differ in effect from the second.

In view of the pleadings I am of the opinion that the administrator has no standing in court for any purpose. He is not entitled to recover in his capacity as administrator on behalf of the estate. If the fund should come into his hands, he could not put it in his inventory as assets subject to the claims of creditors. If he is seeking to recover on behalf of the heirs, then the heirs are the real parties in interest. §251 Burns 1914, §251 R. S. 1881. He has not shown by his answers that Lammedee left any heirs, nor that there has been any compliance with §118 of the by-laws of the association. (That section is set out in full in the cross-complaint.)

When the association paid the money into court and was discharged by the court, it was completely eliminated. Thereafter the only controversy to be litigated was that between the rival claimants, on the issues formed by the cross-complaint and the answers thereto. From the averments of the bill of interpleader it is clear that the association waived all defenses. It might have defended against the claim of the Heinzman children on the grounds: (1) That they were not dependents of Lammedee; and (2) that the change of beneficiary had not been approved. I do not mean to say that it could have succeeded on either ground, but it might have presented those grounds for whatever they are worth. But the association having waived those defenses, and not caring to avail itself of them for its own protection, certainly the administrator, even as the representative of persons claiming to be beneficiaries, could not make those defenses, or either of them, as against the claim of the Heinzman children. *Almy* v. *Commercial, etc., Assn.* (1915), 59 Ind. App. 249, 106 N. E. 893; *Fuller* v. *Supreme Council* (1917), 64 Ind. App. 49, 115 N. E. 372.

But the greatest evil of the majority opinion is in the fact that it is a radical departure from the well-settled rules of procedure. In that opinion but one question is considered, viz.: Are the answers to the interrogatories in irreconcilable conflict with the verdict? In determining that question the courts will not consider the evidence. The rule in that regard is so familiar that it need no be repeated here. *Illinois Car, etc., Co.* v. *Brown* (1918), 67 Ind. App. 315, 116 N. E. 4; *Indianapolis, etc., Traction Co.* v. *Hardwick, Admx.* (1919), 70 Ind. App. 192, 123 N. E. 249. Under that rule it was the plain duty of this court to hold

that the trial court did not err in overruling the motion for judgment on the interrogatories.

But the majority opinion is strange and unprecedented in another particular. It holds that, where a jury in response to an interrogatory makes answer, "No evidence," that answer absolutely settles as a conclusive fact that there is no evidence as to the fact sought to be elicited by the interrogatory, and is binding upon the trial court and upon this court on appeal. Surely that cannot be the law. The trial court is in as good position as the jurors to know whether or not there is any evidence on any subject involved. On appeal the court looks to the bill of exceptions to discover whether or not there is any evidence bearing on a material point, and not to the answers to interrogatories. Whether or not there is any evidence tending fairly to support a verdict arises in this court on the ruling on the motion for a new trial. But in this case, without having considered the motion for a new trial and without having looked at the bill of exceptions to determine whether there is any evidence to support the verdict, a new trial has been granted solely on the ground that the jury answered "No evidence."

Furthermore, the interrogatories answered "no evidence" are wholly immaterial, and should be disregarded. *Citizens Tel. Co.* v. *Prickett* (1920), 189 Ind. 141, 125 N. E. 193. Even if it were conceded that the administrator had the right to contest the claim of the Heinzman children, then the burden of proof would be on him; for the fact that Lammedee designated them as his beneficiaries makes a *prima facie* case in their favor, and consequently the answers to the interrogatories would be construed

against the administrator and not against the children.

Another defect in the opinion is that it treats dependency and support as identical.

The judgment should have been affirmed.