HEINZMAN, GUARDIAN, *v.* WHITEMAN, ADMINISTRATOR.

[No. 11,553. Filed May 8, 1923. Rehearing denied October 5, 1923. Transfer denied January 18, 1924.]

1. INSURANCE.—*Fraternal.—Change of Beneficiary.*—As a general rule, the holder of a certificate in a fraternal insurance organization has the right to change the beneficiary named therein unless the contract provides to the contrary. p. 35.

2. INSURANCE.—*Fraternal.—Change of Beneficiary.—Manner of Effecting.*—Where no mode for making a change of beneficiary is prescribed by the rules of the organization, the same may be effected in any way the insured chooses, so long as he expresses a clear intent to make the change, but, where the mode is prescribed, it must be followed, as a general rule, in order to render such change effective. p. 35.

3. INSURANCE.—*Fraternal.—Change of Beneficiary.—Method of Effecting.— Exceptions to General Rule.—* Exceptions to the general rule that, in making a change of beneficiary in fraternal insurance, the method prescribed by the society must be strictly followed, are the following: 1. If the society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured, has issued a new certificate, the original beneficiary will not be heard to complain that the course prescribed by the regulations was not pursued. 2. If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. 3. If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will decree that to have been done which ought to have been done, and hold the change effective. p. 35.

4. INSURANCE.—*Fraternal.—Change of Beneficiary.—Refusal to Approve.*—A fraternal benefit association cannot arbitrarily refuse to approve a change of beneficiary although such change must be made subject to the approval of the association. p. 37.

5. INSURANCE.—*Fraternal.—Change of Beneficiary.—Evidence. —Sufficiency.*—Evidence held sufficient to establish that the insured had done all in his power to change the beneficiary in the manner prescribed by the association, and that the change was effective if the new beneficiaries were within the classes that could be made beneficiaries. p. 37.

6. INSURANCE. — *Fraternal. — Beneficiaries.— Dependents.—"Dependency,"* within the meaning of the by-laws of a fraternal insurance association fixing the classes of persons that may become beneficiaries, must rest on some moral, legal or equitable ground, and not on favor, caprice or whim, which may be cast aside without violation of any legal or moral obligation, and, therefore, minors named as beneficiaries in a fraternal benefit certificate who had been receiving aid and support from one not a relative, as the result of charitable impulses only, were not dependents so as to be eligible to appointment as beneficiaries. p. 38.

7. PLEADING.—*Specific and General Averments.—Specific Control.*—Where a pleading contains both general and specific averments, the specific averments control when they are inconsistent with the general averments. pp. 38, 39.

8. PLEADING.—*Demurrer.—Ruling on.—Facts to be Considered.* —In ruling on a demurrer to a cross-complaint by one seeking to recover the amount due on a fraternal insurance certificate, the court cannot take into consideration a by-law of the fraternal society which is not made a part of the cross-complaint. p. 40.

9. INSURANCE.—*Fraternal.—Change of Beneficiary.—Waiver of Requirements by Insurer.—Effect.*—In an action to recover the amount due on a fraternal benefit certificate, on the death of a member of the association where the insured had made an effort to change the beneficiary which was ineffective because those appointed by him were not eligible under the rules of the association, its waiver of any question as to the validity of the attempted change does not impair the rights of others which have become vested on the insured's death. p. 40.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by William F. Whiteman, as administrator,

against a fraternal benefit society, which filed an interpleader and was discharged. Charles F. Heinzman, as guardian of the substituted defendants, filed a cross-complaint. From a judgment in favor of plaintiff, the cross-complainant appeals. *Affirmed.*

*P. C. Fergus, John Yeagley* and *Walter R. Arnold,* for appellant.

*Walter A. Rice* and *Louis M. Hammerschmidt,* for appellee.

BATMAN, J.—Appellee, as administrator of the estate of Sherman Lammedee, deceased, filed his complaint against the Supreme Tribe of Ben Hur, a fraternal benefit society, to recover on a certificate of insurance, issued by it to said decedent. Said Supreme Tribe filed a bill of interpleader, admitting its liability, and alleging that appellant, as guardian of Louis, George and Glen Heinzman, was claiming the proceeds of said certificate; that it was impartial and disinterested as between said claimants, and desired permission to pay the money into court, pending a determination of the rival claims thereto. The money was paid into court, and thereupon an order was entered discharging the insurer, and directing that the wards of appellant be made parties defendant. Appellant, as such guardian, thereafter filed an answer to appellee's complaint, and also a cross-complaint against appellee, upon which issues were duly joined. A trial resulted in a judgment in favor of appellant, which was reversed on appeal. *Whiteman, Admr.,* v. *Heinzman* (1919), 72 Ind. App. 385. After the cause was remanded for further proceedings, appellant filed a second amended cross-complaint, which alleged, in substance, among other things, that he is the duly appointed, qualified and acting guardian of Louis, George and Glen Heinzman, who are minors; that on September 27, 1900, the Supreme Tribe

of Ben Hur issued to one William T. S. Lammedee, otherwise known as Sherman Lammedee, a certificate of insurance in the sum of $1,500, payable to Laura I. Lammedee, who was then the wife of the insured; that said certificate is as follows:   (Here follows a copy of the same, which contains among others, this provision:   "This certificate is issued subject to, and to be construed and controlled by the Laws, Rules and Regulations of the Order, now in force, or which may hereafter be adopted."); that §§118 and 119 of the by-laws of said Supreme Tribe, in force during all the times therein mentioned, provide as follows:

"Section 118.   A member may designate as beneficiary any one or more persons of any of the following classes viz.:   Families, heirs, blood relatives, affianced husband or affianced wife, or persons dependent upon the member.   It is expressly prohibited by the Statutes under which this Society is organized, to designate as a beneficiary, 'a friend, Creditor, or trustee,' not above contemplated.   No will, codicil or other legal testament, shall be permitted to control the distribution of the fund or affect the right of a beneficiary as named in any Certificate issued by this Society.   *   *   *"

"Section 119.   If a member desires to change his beneficiary or beneficiaries, named in his certificate, he shall indicate the same in the blanks as provided on the back of his certificate, inserting and signing his name in full, ink, just as written in the face of his certificate, and inserting the full name or names of his new beneficiary and relationship thereof.   His signature must be attested by the Scribe of his Court, and he shall pay the fee of 50 cents to the Scribe, who shall forward said fee together with the certificate to the Supreme Scribe, for the approval and official endorsement of said change.   No change in beneficiary or beneficiaries will be approved unless said beneficiary or

beneficiaries come within the provisions of the preceding section."

It is further alleged, in substance, among other things, that on May 22, 1900, said Laura I. Lammedee died, and the insured thereafter, on January 10, 1910, by his written change of beneficiary, designated Jane Lammedee as the beneficiary under said certificate; that on October 13, 1914, said Jane Lammedee died, and thereafter on November 14, 1914, said insured executed his written change of beneficiary, designating said Louis, George and Glen Heinzman, as beneficiaries under said certificate, which said written change of beneficiary is as follows:   (Here follows copy of same instrument set out in former opinion of this court, and designated "Change of Beneficiary") ; that said written change was attached to the back of said certificate, and was executed by the insured signing his name in ink, as it appears on the face thereof, and by inserting in said written change the full names of the new beneficiaries; that the signature of the insured thereto was duly attested by the Scribe of the Court of said Supreme Tribe of which the insured was a member, and the insured paid said Scribe the required fee of fifty cents, in order to effect such change; that the insured thereupon executed the following written request for a change of beneficiary in his certificate:   (Here follows copy of the request, bearing date of November 20, 1914, set out in former opinion of this court.) ; that said local Scribe thereupon forwarded said fee and written request, together with the insured's certificate, and the instrument attached thereto, making a change in the beneficiary, to the Supreme Scribe of the insurer for the approval and official endorsement of such change; that the said Louis, George and Glen Heinzman were each minors at the time of such change of beneficiary,

and, during all the time until his death, were dependent on him, in this, that their parents were wholly without property, and during a great portion of the time were unable to procure work; that they had no means or income with which to support and educate their said children; that said decedent, prior to the time he named them as beneficiaries in his said certificate, and continuously thereafter until his death, contributed to their support and education by purchasing for each of them food, clothing and school books, and paying other expenses incident thereto; that said children would not have had sufficient food and clothing for their support, and would not have been able to attend the public schools, without the aid furnished them by the insured, as their parents could not make the necessary provisions therefor; that by reason of the facts alleged, said children were continuously dependent upon the insured for their support and education; that all of said children were living in the homes of their parents, and the insured made his home with the parents of George and Glen Heinzman; that said Louis Heinzman was a nephew of the insured, and his parents were having domestic trouble and were estranged, at the time said change of beneficiary in said certificate was made, as the insured at the time well knew; that after the insured had executed said written instrument, in which he had named said children as beneficiaries, and before the Supreme Scribe had approved such change, the insured died; that, prior to his death, he did all things necessary on his part to be done, as required by the by-laws, rules, and regulations of the insurer, and by the statutes of the State of Indiana, in order to perfect said change of beneficiary. Prayer that the $1,500, paid into court by said Supreme Tribe on said certificate, be paid to appellant as guardian, for the benefit of his said wards. Appellee filed a demurrer to this

amended cross-complaint for want of facts, which was sustained. Appellant refusing to plead further, judgment was rendered against him, and this appeal followed.

It will be observed that the cross-complaint under consideration alleges, that said Supreme Tribe of Ben Hur, which issued the certificate of insurance in 1-3. suit, was a fraternal benefit society. It is well settled that the beneficiaries named in such certificates may be changed by the members to whom they are issued, free from all limitations or restrictions, except those imposed by law, or such as are imposed by the articles of incorporation or the by-laws of the society, or by the terms of the certificates themselves. In other words, since the provision of any statute affecting such a certificate, as well as the articles of incorporation and by-laws of the association, become a part of the contract of insurance, the general rule may be said to be, that the holder of such a certificate has the right to change the beneficiary named therein, unless the contract provides to the contrary. *Masonic, etc., Society* v. *Burkhart* (1887), 110 Ind. 189, 10 N. E. 79, 11 N. E. 449; *Presbyterian, etc., Fund* v. *Allen* (1886), 106 Ind. 593, 7 N. E. 317; *Holland,. Gdn.,* v. *Taylor* (1887), 111 Ind. 121, 12 N. E. 116; *Milner* v. *Bowman* (1889), 119 Ind. 448, 21 N. E. 1049, 5 L. R. A. 95; *Mason* v. *Mason* (1902), 160 Ind. 191, 65 N. E. 585; *Bunyan* v. *Reed* (1904), 34 Ind. App. 295, 70 N. E. 1002; *Carpenter* v. *Knapp* (1897), 101 Iowa 712, 70 N. W. 764, 38 L. R. A. 128; *Martin* v. *Stubbings* (1888), 126 Ill. 387, 18 N. E. 657, 9 Am. St. 620; *Delaney* v. *Delaney* (1898), 175 Ill. 187, 51 N. E. 961; *Royal Arcanum* v. *Behrend* (1918), 247 U. S. 394, 38 Sup. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966. It is clear that where no mode for making a change in the beneficiary is prescribed, the same may be effected in any way the insured may

choose, so long as he expresses a clear intent to make the change. 29 Cyc 130; 14 R. C. L. 1390. However, where the mode is prescribed, it must be followed, as a general rule, in order to render such change effective. This is true whether the right involved exists by reason of a reservation in the insurance contract, or by reason of the absence of a vested interest in the beneficiary, as is the case in mutual benefit certificates. *Mutual Life Ins. Co.* v. *Guller, Gdn.* (1918), 68 Ind. App. 544, 119 N. E. 173, and cases cited; *Modern Brotherhood* v. *Matkovitch* (1914), 56 Ind. App. 8, 104 N. E. 795; *Masonic, etc., Society* v. *Burkhart, supra; Neary* v. *Metropolitan Life Ins. Co.* (1918), 92 Conn. 488, 103 Atl. 661, L. R. A. 1918F 306. The following, however, are often cited as exceptions to the general rule stated above: 1. If the society has waived a strict compliance with its own rules, and in pursuance of a request of the insured to change the beneficiary, has issued a new certificate to him, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. 2. If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. 3. If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary; but before the new certificate is actually issued, he dies, a court of equity will decree that to be done which ought to be done, and act as though the certificate had been issued. *Modern Brotherhood* v. *Matkovitch, supra; Thomas* v. *Locomotive E., etc., Assn.* (1921), 191 Iowa 1152, 183 N. W. 628, 15 A. L. R. 1240; *Modern Woodmen* v. *Headle* (1914), 88 Vt. 37, 90 Atl. 893, L. R. A. 1915A 580; *Independent Foresters* v. *Keliher* (1899), 36 Ore. 501, 59 Pac. 324, 1109, 60 Pac. 537, 78 Am. St. 785; 29 Cyc 133.

It will be observed that §118 of the by-laws of the insurer designates the classes of persons who may be made beneficiaries in the certificates issued to its members, and §119 thereof provides the method by which a change of beneficiaries may be made, and, by fair implication, makes the same subject to the approval of the insurer, to be endorsed on the certificate. However, we do not mean to hold that under its provisions such approval could be arbitrarily withheld. *Sanborn* v. *Black* (1893), 67 N. H. 537, 35 Atl. 942. It is not disclosed by the cross-complaint that the insurer approved the change in the beneficiary in question, but it is expressly alleged that after the execution of the instrument by which appellant's wards were named as beneficiaries, and before the Supreme Scribe of the insurer approved the same, that the insured died. It thus becomes obvious that unless the principle involved in the third exception to the general rule stated above is applicable, the attempted change of beneficiary under consideration was ineffective. It will be observed that said §119 of the by-laws provides specifically what the insured shall do in order to effect such change, and then concludes by stating that—"No change in beneficiary or beneficiaries will be approved unless said beneficiary or beneficiaries come within the provisions of the preceding section." (No. 118 set out above.) We are of the opinion that it sufficiently appears that the insured did all that he was required to do, in order to effect the change in the beneficiary upon which appellant relies, and that his wards are entitled to the benefit of the third exception to said general rule, provided they are members of some one or more of the classes of persons named in said §118 of the by-laws as being eligible to such appointment.

It will be observed that appellant has not alleged in his cross-complaint facts which show that his said

wards were members of the family of the insured, or that they were his heirs or blood relatives. No one of them could have been his affianced wife, and hence, if they were not dependent upon him, within the meaning of that term, as used in said §118 of the insurer's by-laws, they cannot be said to be members of a class eligible to appointment as beneficiaries in the certificate in suit. The term "dependent" cannot be said to have a strictly uniform meaning, which can be ascribed to it under all circumstances. In determining the meaning to be given it in cases involving fraternal benefit insurance, courts have referred to the benevolent purpose sought to be attained, viz.: to enable their members to protect their families, and others whom they are under some obligation to support. The following statement, explaining the meaning of the term when used in an insurance certificate issued by such an association, has often been quoted with approval:

"Trivial or casual, or perhaps wholly charitable assistance, would not create a relation of dependency, within the meaning of the statute or by-laws. Something more is undoubtedly required. The beneficiary must be dependent upon the member in a material degree for support, or maintenance, or assistance, and the obligation on the part of the member to furnish it must, it would seem, rest upon some moral, or legal, or equitable grounds, and not upon the purely voluntary or charitable impulses or disposition of the member." *McCarthy* v. *Supreme Lodge, etc.* (1891), 153 Mass. 314, 26 N. E. 866, 11 L. R. A. 144, 25 Am. St. 637. In many cases the rule is stated to be "that dependency must rest on some moral, legal or equitable ground and not on favor, caprice or whim, which may be cast aside without violating any legal or moral obligation." *Supreme Lodge N. E. O., etc.,* v. *Sylvester* (1917),

116 Me. 1, 99 Atl. 655, L. R. A. 1917C 925, and cases there cited. The court, after stating the rule as above quoted, and citing cases sustaining the same, adds the following, with a citation of other cases: "This rule is supported by the general run of authority, although not all the cases use the same phraseology." To the cases there cited, we add the following to the same effect; *Whiteman, Admr.*, v. *Heinzman, supra; Fuller* v. *Supreme Council, etc.* (1917), 64 Ind. App. 49, 115 N. E. 372; *Sovereign Camp, etc.*, v. *Noel* (1912), 34 Okla. 596, 126 Pac. 787, 41 L. R. A. (N. S.) 648; 14 R. C. L. 1386. The meaning of the term "dependent," above indicated, was adopted by this court, on the former appeal of this cause, and is, therefore, the law of the case. Turning now to the cross-complaint before us, we find no fact alleged with reference to the contributions made by the insured to appellant's wards for their support and education, which can be attributed, rightfully, to the discharge of any legal or moral duty, or which rested upon equitable grounds. All of the acts upon which appellant relies appear to have been voluntarily performed, as the result of charitable impulses, and, under the facts shown, could have been discontinued without violating any recognized obligation. The cross-complaint, therefore, fails to disclose that the insured, in his last effort to change the beneficiary in his certificate, appointed anyone who was eligible, and hence there is no basis for an application of the third exception to the general rule set out above relating to a compliance with the method prescribed for making a change of beneficiaries in insurance contracts.

Appellant, in an effort to have the court reach a different conclusion, cites the fact that he alleges in his cross-complaint that each of his said wards were

7. dependent on said decedent at the time of the execution of said change of beneficiary, and dur-

ing all the time thereafter until the insured's death. He asserts that the statement of this conclusion is sufficient to show dependency, in the absence of a motion to require him to state the facts to sustain the same, under the provisions of §343a Burns 1914, Acts 1913 p. 850. We do not agree with appellant in this contention as it is well settled, that where a pleading contains both general and specific averments on a particular subject, as is true in the instant case, the specific averments will control, where they are inconsistent with the general averments. *Pillsbury, etc., Co.* v. *Walsh* (1915) 60 Ind. App. 76, 110 N. E. 96; *Jessup* v. *Hinchman* (1922), 77 Ind. App. 460, 133 N. E. 853.

Appellant, in a further effort to have the court reach a different conclusion, asserts that appellee is a mere volunteer, since the insurer does not claim that the attempted change of beneficiary was abortive, and, based on this fact, contends that appellee has no standing to question such change. Appellee has attempted to answer this contention by citing §121 of the by-laws of the insurer, but we do not find that said section is made a part of the cross-complaint under consideration, and hence it cannot be taken into account in determining whether appellant's demurrer thereto should have been sustained. However, we are clearly of the opinion that there is another sufficient reason for refusing to give effect to appellant's contention, in this, that the insurer's failure to claim that the last effort of the insured to change his beneficiary was abortive, as evidenced by its payment of the proceeds of the certificate into court, only had the effect of waiving, so far as it could do so, any objection it might have made to the insured's failure to appoint an eligible beneficiary, but *such waiver could not impair rights which may have become vested upon his death, by reason of a failure to make such a change. Knights of Mac-*

*cabees* v. *Sackett* (1906), 34 Mont. 357, 86 Pac. 423, 115 Am. St. 532; *Modern Brotherhood* v. *Matkovitch, supra; Modern Woodmen* v. *Headle, supra; Freund* v. *Freund* (1905), 218 Ill. 189, 75 N. E. 925, 109 Am. St. 283. Therefore, the insurer's failure to claim that the attempted change of beneficiary in question was abortive does not show that appellee is a mere volunteer.

For the reasons stated, we hold there was no error in sustaining appellee's demurrer to appellant's second amended cross-complaint.

Judgment affirmed.

Dausman, J., dissents.